# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**August 26, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**CAMERON NRC, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 14-0700** (BOR Appeal No. 2049212)
(Claim No. 2013005624)

**LINDA ASHBY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cameron NRC, LLC, by Jillian L. Moore, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Linda Ashby, by Jonathan C. Bowman, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 24, 2014, in which the Board affirmed a February 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 30, 2013, decision granting a 0% permanent partial disability and instead granted an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon an erroneous conclusion of law and, therefore, we reverse and remand the case for further proceedings consistent with this decision. This case satisfies the limited circumstances requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for memorandum decision rather than an opinion.

Ms. Ashby, a nurse for Cameron NRC, LLC, was attempting to hoist an elderly patient out of bed on August 18, 2012, when she injured her back. On October 24, 2012, the claims administrator held the claim compensable for a lumbar sprain. On January 10, 2013, Ms. Ashby reported to Bill Hennessey, M.D., for an independent medical evaluation. He noted that her range of motion measurements were invalid due to inconsistent measurements, exaggerated pain behavior, and symptom magnification. Dr. Hennessey concluded that Ms. Ashby had reached her

maximum degree of medical improvement and had no ratable impairment. Dr. Hennessey noted that Ms. Ashby had previously undergone surgery at the left L5-S1 level in 2004. In that regard, Dr. Hennessey concluded that the recent MRI findings of an abnormal disc at the L5-S1 level were actually postoperative findings related to the prior 2004 surgery. Dr. Hennessey noted that this would explain why Vincent Miele, M.D., did not want to perform surgery on the L5-S1 disc. Additionally, Dr. Hennessey stated that the left-sided findings on the MRI study would not explain Ms. Ashby's right-sided low back pain. Based upon the report of Dr. Hennessey, the claims administrator granted a 0% permanent partial disability. Ms. Ashby protested.

A report dated March 28, 2013, revealed that Bruce Guberman, M.D., conducted an independent medical evaluation of Ms. Ashby. Dr. Guberman placed Ms. Ashby in Lumbar Category II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), which equated to 5% whole person impairment. Dr. Guberman also found 6% whole person impairment for range of motion abnormalities. Dr. Guberman noted valid measurements. Combining Ms. Ashby's impairments, Dr. Guberman found her to have a total of 8% whole person impairment related to the lumbar spine. However, because of Ms. Ashby's history of pre-existing back surgery and degenerative changes, Dr. Guberman apportioned 4% of her range of motion impairment to pre-existing non-compensable conditions, and 4% to the compensable injury. Using the American Medical Association's *Guides* Combined Values Chart, Dr. Guberman combined the 4% impairment for range of motion abnormalities and the 5% impairment from Table 75 for a combined total of 9% whole person impairment. Dr. Guberman placed Ms. Ashby in Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006), which allows for an impairment rating between 5% and 8%. Because the 9% impairment exceeded the allowable range of impairment, Dr. Guberman adjusted the rating to 8% whole person impairment for the lumbar spine.

In a July 15, 2013, report Christopher Martin, M.D., also performed an independent medical evaluation of Ms. Ashby. Dr. Martin concluded that Ms. Ashby was at her maximum degree of medical improvement. Dr. Martin found Ms. Ashby to have a total of 11% whole person impairment under Category II-E and II-F of Table 75 of the American Medical Association's *Guides*, for a two level discectomy with residual symptoms. However, Dr. Martin apportioned 9% of the impairment to pre-existing conditions. Dr. Martin found no impairment for abnormal motion of the lumbar spine as Ms. Ashby's lumbar flexion and extension measurements failed to meet the straight-leg raise validity criteria of the American Medical Association's *Guides*. Dr. Martin placed Ms. Ashby in Lumbar Category III of West Virginia Code of State Rules § 85-20-C, which allows for an impairment range between 10 and 13%. Because the 11% impairment calculated under the range of motion model fell within the allowable impairment range of Lumbar Category III, Dr. Martin concluded that no further adjustment was required. However, Dr. Martin apportioned all of Ms. Ashby's 11% impairment to pre-existing conditions. Specifically, Dr. Martin noted that he found no evidence of significant muscle guarding, spasm, or asymmetric loss of lumbar range of motion during his examination of Ms. Ashby so as to qualify Ms. Ashby for impairment under Lumbar Category II of West Virginia Code of State Rules § 85-20-C (also known as "Rule 20"). Dr. Martin also reviewed and remarked upon the independent medical evaluation findings of Dr. Guberman. First, Dr. Martin questioned the validity of Dr. Guberman's range of motion findings. Specifically, Dr. Martin opined that the straight-leg raise validity criteria used by Dr. Guberman should not have been

used as the total sacral motion exceeded fifty-five degrees. Furthermore, Dr. Martin found Dr. Guberman's supranormal sacral measurements to be odd in light of his low lumbar flexion and extension measurements. Additionally, Dr. Martin opined that Dr. Guberman erred in apportioning Ms. Ashby's impairment. Specifically, Dr. Martin opined that Dr. Guberman erred by deducting pre-existing impairment from the range of motion model rating rather than from the final impairment rating under West Virginia Code of State Rules § 85-20-C.

The Office of Judges determined that Ms. Ashby was entitled to an 8% permanent partial disability award on February 12, 2014. The Office of Judges noted that Dr. Guberman found 8% whole person impairment, while Dr. Hennessey and Dr. Martin found 0% whole person impairment. The Office of Judges determined that the proper way to apportion for pre-existing impairment is to apportion under the range of motion model and prior to the application of West Virginia Code of State Rules § 85-20-C. The Office of Judges found that Dr. Guberman apportioned Ms. Ashby's impairment in this fashion, which was the most reliable way to apportion. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on June 24, 2014.

This Court recently held in Syllabus point three of *SWVA, Inc., v. Edward D. Birch*, ___ W. Va. ___, 787 S.E.2d 664 (2016), the correct methodology to use in fixing the amount of a permanent partial disability award a compensable injury suffered by a claimant who has a noncompensable pre-existing definitely discernable impairment is to deduct the impairment attributed to the pre-existing injury from the final whole person impairment rating as determined by West Virginia Code of State Rules § 85-20-C. The Office of Judges and Board of Review adopted Dr. Guberman's report, which apportioned for pre-existing impairment after the range of motion findings but before the application of West Virginia Code of State Rules § 85-20. Dr. Guberman's report cannot be relied upon because his apportionment method is inconsistent with this Court's holding in *SWVA, Inc*. Both Dr. Hennessey and Dr. Martin found 0% whole person impairment;  however, neither physician was aware that a subsequent decision by this Court in *Cameron NRC, LLC v. Linda Ashby*, No. 14-0699 (Dec. 30, 2015) (memorandum decision) found that Ms. Ashby's claim included lumbar disc displacement. Because Dr. Guberman apportioned incorrectly and no physician of record considered the lumbar disc displacement as a compensable injury, it is appropriate to remand this case for a new independent medical evaluation.

For the foregoing reasons, we find that the decision of the Board of Review was based upon an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions for a new independent medical evaluation to be performed.

Reversed and Remanded.

**ISSUED: August 26, 2016**


**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Not Participating