IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2016 Term

_____

No. 14-0471

_____

FILED

June 15, 2016

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SWVA, Inc.,
Employer Below, Petitioner

v.

EDWARD BIRCH,
Claimant Below, Respondent

_____

Appeal from the West Virginia Workers' Compensation
Board of Review
Claim No. 2004040678

REVERSED

_____

Submitted: January 26, 2016
Filed: Lwpg'37."4238

Steven K. Wellman, Esq.
Jenkins, Fenstermaker, PLLC
Huntington, West Virginia
Counsel for the Petitioner

Lisa Warner Hunter, Esq.
Michelle Rae Johnson, Esq.
Pullin, Fowler, Flanagan,
Brown & Poe, PLLC
Charleston, West Virginia
Attorneys for Amicus Curiae,
The Defense Trial Counsel
of West Virginia

Edwin H. Pancake, Esq.
Maroney, Williams, Weaver & Pancake,
PLLC
Charleston, West Virginia
Counsel for the Respondent

William B. Gerwig, III
Charleston, West Virginia
Pro Se Amicus Curiae

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "An appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law." Syl. pt. 2, *Dailey v. Bechtel Corp.*, 157 W. Va. 1023, 207 S.E.2d 169 (1974).

2. The purpose of W. Va. Code § 23-4-9b (2003) is to disallow any consideration of any preexisting definitely ascertainable impairment in determining the percentage of permanent partial disability occasioned by a subsequent compensable injury, except in those instances where the second injury results in total permanent disability within the meaning of W. Va. Code § 23-3-1 (2005).

3. In fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to W. Va. Code § 23-4-9b (2003) is to deduct the impairment attributed to the preexisting injury from the final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20.

Benjamin, Justice:

In this workers' compensation case, the Petitioner, SWVA, Inc., appeals an April 18, 2014, final decision of the West Virginia Workers' Compensation Board of Review ("BOR"). The BOR affirmed a November 7, 2013, Order of the Workers' Compensation Office of Judges ("OOJ"), in which the OOJ reversed a November 15, 2011, claims administrator's decision to grant the claimant, Edward Birch, an 8% permanent partial disability ("PPD") award. The OOJ granted an additional 5% PPD award for a total of 13%. On appeal, we asked the parties to answer the following question: what is the correct methodology for apportioning the level of impairment in workers' compensation cases involving preexisting conditions? Having fully considered the parties' arguments, the record before us on appeal, and applicable legal precedent, we reverse the BOR's order.[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Birch was moving a piece of metal when he slipped on some grease and injured his lower back in March 2004. The claim was held compensable for a lumbar sprain and backache.

---

[1] We wish to acknowledge the amicus briefs filed in this matter. The Court has taken into consideration the arguments made on behalf of SWVA, Inc. by the amicus brief of the Defense Trial Counsel of West Virginia and the amicus brief filed by William B. Gerwig, III who argues on behalf of the respondent.

Mr. Birch was examined by Dr. Marsha Bailey who found him to be at maximum medical improvement in regard to his compensable back injury. Dr. Bailey found Mr. Birch to fall under Category II-E of Table 75 of the American Medical Association's Guides to the Evaluation of Permanent Impairment (4th ed. 1993) ("AMA Guides") for a total of 12% whole person impairment ("WPI"). Dr. Bailey found no impairment for abnormal range of motion of the lumbar spine as Mr. Birch's measurements were restricted by pain and considered invalid for rating purposes. Dr. Bailey placed Mr. Birch under Lumbar Category III of West Virginia Code of State Rules § 85-20-C (2006) ("Rule 20").[2] However, Dr. Bailey found that a portion of Mr. Birch's impairment should be apportioned for the preexisting conditions of degenerative joint and disc disease. Dr. Bailey apportioned 4% of Mr. Birch's impairment to these preexisting conditions and recommended 8% whole person impairment for the compensable injury. Based upon Dr. Bailey's findings, the claims administrator granted Mr. Birch an 8% PPD award. Mr. Birch protested the award.

Mr. Birch was thereafter evaluated by Dr. Bruce Guberman. Dr. Guberman, like Dr. Bailey, found Mr. Birch to have 12% WPI under Table 75 of the AMA's Guides. Dr. Guberman also found Mr. Birch to have 13% whole person

_____

[2] West Virginia Code of State Rules § 85-20-C is a table of PPD ranges containing five categories of criteria for rating impairment due to lumbar spine injury. Lumbar Category I is 0% impairment of the whole person; Category II is 5% to 8%; Category III is 10% to 13%; Category IV is 20% to 23%; and Category V is 25% to 28%.

impairment for abnormal range of motion of the lumbar spine. At that point, Dr. Guberman determined that preexisting degenerative changes had likely contributed to Mr. Birch's range of motion abnormalities and apportioned these preexisting conditions at 6%. Dr. Guberman then subtracted the 6% from the 13% range of motion impairment for a total range of motion impairment of 7%. Dr. Guberman then combined the diagnosis-based 12% impairment with the 7% range of motion impairment using the Combined Values Chart in the AMA Guides to find a combined whole person impairment of 18%. Because this percentage of impairment exceeded the allowable impairment range under Category III of Rule 85-20-C, which is 10 to 13%, Dr. Guberman adjusted Mr. Birch's impairment rating to 13% WPI. Dr. Guberman opined that Dr. Bailey incorrectly apportioned impairment for preexisting degenerative changes from her final impairment rating under Rule 20. As noted above, Dr. Guberman apportioned for Mr. Birch's preexisting condition and deducted this percentage from the range of motion impairment rating before utilizing the combined values chart under the AMA Guides, and then determined the final whole person impairment rating under Rule 20.

By decision dated November 7, 2013, the OOJ reversed the claims administrator's decision and granted an additional 5% PPD for a total of 13% PPD relying on Dr. Guberman's recommendation. In doing so, the OOJ reasoned as follows:

Pursuant to W. Va. Code § 23-4-9b and W. Va. C.S.R. § 85-20-64[3] it is found that any apportionment for pre-existing impairment should be made from a claimant's whole person impairment as determined under the range of motion model, and not from the final PPD rating as determined under Rule 20. W. Va. Code § 23-4-9b refers to both ascertainable impairment related to a pre-existing condition and the award of compensation; however, impairment and compensation are not synonymous. Impairment is a medical assessment based upon the AMA Guides, while permanent partial disability is a legal measure of the amount of compensation to which the

---

[3] West Virginia Code of State Rules § 85-20-64 provides, in pertinent part,

64.1.

Pursuant to W. Va. Code § 23-4-3b(b), the Commission or Insurance Commissioner, whichever is applicable, hereby adopts the following ranges of permanent partial disability for common injuries and diseases. Permanent partial disability assessments shall be determined based upon the range of motion models contained in the Guides Fourth. Once an impairment level has been determined by range of motion assessment, that level will be compared with the ranges set forth below. Permanent partial disability assessments in excess of the range provided in the appropriate category as identified by the rating physician shall be reduced to the [sic] within the ranges set forth below:

64.2. Lumbar Spine Impairment.

The range of motion methodology for assessing permanent impairment shall be used. However, a single injury or cumulative injuries that lead to a permanent impairment to the Lumbar Spine area of one's person shall cause an injured worker to be eligible to receive a permanent partial disability award within the ranges identified in Table § 85-20-C. The rating physician must identify the appropriate impairment category and then assign an impairment within the appropriate range designated for that category.

4

claimant is entitled. According to the clear language of the statute, W. Va. Code § 23-4-9b provides for the apportionment of impairment related to a pre-existing injury, not the apportionment of permanent partial disability.

On April 18, 2014, the BOR affirmed the OOJ decision. SWVA appealed to this Court. Both SWVA and Mr. Birch ultimately filed supplemental briefs to address the following question posed by this Court: What is the correct methodology for apportioning the level of impairment in workers' compensation cases involving preexisting conditions?

## II. STANDARD OF REVIEW

We indicated in *Hammonds v. West Virginia Office of Insurance Commissioner*, 235 W. Va. 577, 582, 775 S.E.2d 458, 463 (2015), that "[t]he standard of review applicable to this Court's consideration of workers' compensation appeals from the Board of Review is set forth in W. Va. Code §§ 23-5-15(b-d) (2005) (Repl. Vol. 2010)." Because the BOR decision at issue represents a reversal of the claims administrator, subsections (b) and (d) are applicable in the instant case. These sections provides in pertinent part:

> (b) In reviewing a decision of the board of review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
> . . . .
> (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory

5

provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

The sole issue in this case is legal in nature. "[W]e apply a de novo standard of review to questions of law arising in the context of decisions issues by the Workers' Compensation Appeal Board." *Justice v. W. Va. Office Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012) (citation omitted). With these standards in mind, we proceed to determine whether the BOR committed error in affirming the decision of the OOJ which reversed the decision of the claims administrator.

## III.  ANALYSIS

The issue in this case concerns the correct methodology for apportioning the level of impairment in workers' compensation cases involving preexisting conditions. Dr. Bailey, in her rating of the respondent's whole person impairment, subtracted the preexisting impairment at the end of the process after applying Rule 20. The method utilized by Dr. Guberman, and adopted by the OOJ, was to deduct any apportionment for preexisting impairment from the respondent's whole person impairment as determined under the AMA Guides or range of motion model earlier in the process and then determine the final permanent partial disability award under Rule 20. SWVA contends on appeal that pursuant to prior decisions of this Court and a plain reading of W. Va. Code §

6

23-4-9b, the proper method of allocation is to subtract the preexisting impairment last after applying Rule 20, not before applying Rule 20.

This Court agrees with SWVA. We have rejected Dr. Guberman's methodology of allocating preexisting injuries in several recent memorandum decisions.[4] For example, in *Varney v. Brody Mining LLC*, No. 11-1483, 2014 WL 2619508 (W. Va. June 11, 2014) (memorandum decision), the claims administrator held the claim compensable for sprain/strain of the neck and contusion of multiple sites and granted the claimant a 3% PPD award. The OOJ reversed the claims administrator's decision and granted an 8% PPD award in addition to a previous 5% PPD award. In doing so, the OOJ relied on a recommendation of Dr. Guberman in which he deducted the claimant's prior PPD award from his range of motion impairment rating prior to utilizing Rule 20.

The BOR concluded that the OOJ erred in relying on Dr. Guberman's recommendation. The BOR credited the recommendation of Dr. Randall L. Short who concluded that the deduction of prior PPD awards should be made after an evaluator has applied Rule 20. Dr. Short deducted the petitioner's prior 5% PPD award from the WPI and recommended that the claimant receive a 3% PPD award. The BOR concluded that

---

[4] Pursuant to Rule 21(e) of the Rules of Appellate Procedure, in part, "[m]emorandum decisions may be cited in any court or administrative tribunal in this State."

7

the deduction of prior PPD awards should be performed after an evaluator applied Rule 20 and reinstated the claims administrators decision granting the claimant a 3% PPD award. This Court agreed with the reasoning and conclusions of the BOR and affirmed the Board's decision. *See also Blair v. Mason Mining, LLC*, No. 11-0537, 2014 WL 443367 (W. Va. February 4, 2014) (memorandum decision); *Preece v. Health Mgm.t Assocs. of WV, Inc.*, No. 11-1749, 2014 WL 485923 (W. Va. February 6, 2014) (memorandum decision); *Boone v. SWVA, Inc.*, No. 12-0221, 2014 WL 2619520 (W. Va. June 11, 2014) (memorandum decision); *Lowes Home Centers, Inc. v. Ramsey*, No. 12-0752, 2014 WL 2619523 (W. Va. June 11, 2014) (memorandum decision); *Kimble v. UCB*, No. 11-1685, 2014 WL 2619515 (W. Va. June 11, 2014) (memorandum decision); *Lewis v. Laurel Coal Corp.*, No. 12-0354, 2014 WL 2619521 (W. Va. June 11, 2014) (memorandum decision); *McClure v. Bluestone Coal Co.*, No. 13-0392, 2014 WL 2922795 (W. Va. June 27, 2014) (memorandum decision); *Shreves v. Town of Rivesville*, No. 11-1463, 2014 WL 4977102 (W. Va. October 3, 2014) (memorandum decision); *Manyley v. Patriot Coal Co.*, No. 13-0509, 2014 WL 5258311 (W. Va. October 15, 2014) (memorandum decision); *Whitt v. Alcan Rolled Products-Ravenswood, LLC*, No. 13-0643, 2014 WL 5326561 (W. Va. October 20, 2014) (memorandum decision); *Roberts v. Roberts*, No. 13-0867, 2014 WL 5822656 (W. Va. November 10, 2014) (memorandum decision); *Young v. Heartland Emp't Servs., LLC*, No. 13-1169, 2014 WL 6839394 (W. Va. December 3, 2014) (memorandum decision); *Schultz v. Heartland Publ'ns*, No. 13-1035, 2015 WL 3513887 (W. Va. June 1, 2015) (memorandum decision); *Martin v.*

8

*Magnum Coal Co.*, No. 13-1026, 2015 WL 4546132 (W. Va. July 27, 2015) (memorandum decision); and *Thomas v. Pine Ridge Coal Co., LLC*, No. 14-1194, 2015 WL 5446914 (W. Va. September 16, 2015) (memorandum decision).

We find that the doctrine of *stare decisis* supports our decision in this case. This Court has held:

> [a]n appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law.

Syl. pt. 2, *Dailey v. Bechtel Corp.*, 157 W. Va. 1023, 207 S.E.2d 169 (1974). We discern no changing conditions or serious judicial error in interpretation sufficient to compel deviation from our recent memorandum decisions disapproving of Dr. Guberman's methodology at issue in this case.

This Court's recent memorandum decisions are consistent with the plain language of W. Va. Code § 23-4-9b (2003), which is the applicable statute in this case. The pertinent language of W. Va. Code § 23-4-9b states:

> Where an employee has a definitely ascertainable impairment resulting from an occupational or a nonoccupational injury, disease or any other cause, whether or not disabling, and the employee thereafter receives an injury in the course of and resulting from his or her employment, unless the subsequent injury results in total permanent disability within the meaning of section one [§ 23-

9

3-1], article three of this chapter, the prior injury, and the effect of the prior injury, and an aggravation, shall not be taken into consideration in fixing the amount of comensation allowed by reason of the subsequent injury. Compensation shall be awarded only in the amount that would have been allowable had the employee not had the preexisting impairment.

It is clear from this language, and we hold, that the purpose of W. Va. Code § 23-4-9b (2003) is to disallow any consideration of any preexisting definitely ascertainable impairment in determining the percentage of permanent partial disability occasioned by a subsequent compensable injury, except in those instances where the second injury results in total permanent disability within the meaning of W. Va. Code § 23-3-1 (2005).[5]

Dr. Guberman's methodology is not consistent with the purpose and language of W. Va. Code § 23-4-9b. Both Dr. Bailey and Dr. Guberman found a diagnoses-based 12% whole person impairment under the AMA Guides and both doctors agreed that at least some portion of Mr. Birch's overall lumbar impairment is attributable

_____

[5] In the recent case of *Gill v. City of Charleston*, ___ W. Va. ___, 783 S.E.2d 857 (2016), this Court dealt with the issue of preexisting aggravating injuries. In syllabus point 3 of *Gill*, we held:

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable.

10

to a non-compensable degenerative condition. However, unlike Dr. Bailey, Dr. Guberman found that the restrictions in the respondent's various ranges of motion were valid and reproducible and not pain-restricted. Dr. Guberman found a total of 13% impairment in various range of motion restrictions, and he allocated one-half of the impairment for these restrictions to claimant's pre-existing condition and rounded 6.5% up to 7%. Combining the diagnosed-based 12% WPI under the AMA Guides with the remaining 7% range of motion impairment, Dr. Guberman found Mr. Birch to have a combined total of 18% WPI. Because this percentage falls beyond the allowed range for Rule 20, he reduced the final rating to 13%. Significantly, this is the same maximum award to which the respondent would have been entitled whether or not he had a preexisting condition. Such a result is at odds with the purpose and language of W. Va. Code § 23-4-9b, which is to disallow any consideration of any preexisting definitely ascertainable impairment in arriving at the percentage of disability occasioned by a subsequent injury. Therefore, Dr. Guberman's methodology in determining the respondent's permanent partial disability in this case is deemed incorrect.

This Court likewise finds that the OOJ's rationale for choosing Dr. Guberman's recommendation over that of Dr. Bailey is erroneous. In adopting Dr. Guberman's report as the most reliable and accurate assessment of the respondent's permanent partial disability in this claim, the OOJ reasoned that "impairment and compensation are not synonymous." The OOJ explained that

11

> [i]mpairment is a medical assessment based upon the AMA Guides, while permanent partial disability is a legal measure of the amount of compensation to which the claimant is entitled. According to the clear language of the statute, W. Va. Code § 23-4-9b provides for the apportionment of impairment related to a pre-existing injury, not the apportionment of permanent partial disability.

In so reasoning, however, the OOJ misapprehended the applicable law regarding the nature of permanent partial disability awards in West Virginia Workers' Compensation law. According to W. Va. Code § 23-4-6(i) (2003), in part,

> For the purposes of this chapter, with the exception of those injuries provided for in subdivision (f) of this section and in section six-b [§ 23-4-6b] of this article, the degree of permanent disability other than permanent total disability shall be determined exclusively by the degree of whole body medical impairment that a claimant has suffered. . . . Once the degree of medical impairment has been determined, that degree of impairment shall be the degree of permanent partial disability that shall be awarded to the claimant.

It is well-settled that "[w]orkers' Compensation statutes dealing with the same subject matter are to be read *in pari materia*." *Nelson v. Merritt*, 176 W. Va. 485, 489 n.5, 345 S.E.2d 785, 788 n.5 (1985) (citation omitted). When W.Va. Code §§ 23-4-9b and -6(i) are read together, these two statutes indicate that a claimant's PPD award is based upon the claimant's whole-body medical impairment. This means that for the purpose of compensating a claimant only in the amount that would have been allowable had the claimant not had the preexisting impairment pursuant to W. Va. Code § 23-4-9b, there is no legal distinction between a claimant's degree of medical impairment and his or her

12

disability award. Therefore, we find that the OOJ's decision drawing a distinction between the terms "impairment" and "disability" herein is erroneous as a matter of law.

In light of the foregoing, we hold that in fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to W. Va. Code § 23-4-9b (2003) is to deduct the impairment attributable to the preexisting injury from the final whole person impairment rating as determined under West Code of State Rules § 85-20.

Dr. Bailey's methodology in determining the respondent's PPD award conforms to our holding above. Dr. Bailey found that Mr. Birch has a 12% impairment under Rule 20. Dr. Bailey then apportioned 4% of Mr. Birch's final impairment to his preexisting condition leaving Mr. Birch with a final impairment rating of 8% for his compensable injury. This Court's reading of the OOJ decision indicates that the OOJ rejected Dr. Bailey's report primarily because of the OOJ's legal finding that the apportionment for preexisting impairment should be made from Mr. Birch's WPI as determined under the AMA Guides and range of motion model, not from the final PPD rating as determined under Rule 20. As indicated above, the OOJ's legal finding constitutes error.

13

## IV. CONCLUSION

Based on the foregoing, this Court finds that the April 18, 2014, final decision of the BOR that affirmed the OOJ's decision is clearly the result of an erroneous conclusion of law. Accordingly, we reverse the decision of the BOR and reinstate the claims administrator's order of November 15, 2011, granting the respondent an 8% PPD award.

Reversed.