STATE OF WEST VIRGINIA

**FILED**

**August 26, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**BARBARA J. RIFFLE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0886**  (BOR Appeal No. 2050241)
                    (Claim No. 2009066325)

**HEALTHSOUTH CORPORATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Barbara J. Riffle, by Christopher Wallace, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. HealthSouth Corporation, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 14, 2015, in which the Board reversed a January 28, 2015, Order of the Workers' Compensation Office of Judges, and granted Ms. Riffle a 12% permanent partial disability award. In its Order, the Office of Judges reversed the claims administrator's April 10, 2013, decision granting Ms. Riffle a 13% permanent partial disability award, and the Office of Judges granted her a 25% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 5, 2008, Ms. Riffle injured her lower back in the course of her employment as a certified nursing assistant while assisting a patient who was attempting to get out of bed.[1] She underwent three independent medical evaluations for the purpose of determining

---

[1] The Order or Orders holding the claim compensable are not contained in the record. Although it appears that the claim was initially held compensable for a lumbar sprain, Ms. Riffle

the amount of whole person impairment arising from the September 5, 2008, injury. Sushil Sethi, M.D., performed an independent medical evaluation of Ms. Riffle on March 22, 2013. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Sethi opined that Ms. Riffle sustained 5% whole person impairment as a result of range of motion abnormalities in her lumbar spine. Additionally, he placed her in Category IV, subheading A, of Table 75 of the American Medical Association's *Guides* and opined that Ms. Riffle sustained 8% whole person impairment as a result of single-level decompression surgery.[2] Dr. Sethi then placed Ms. Riffle in Lumbar Category III of West Virginia Code of State Rules § 85-20-Table C (2006) and opined that she sustained 13% whole person impairment as a result of the September 5, 2008, injury. On April 10, 2013, the claims administrator granted Ms. Riffle a 13% permanent partial disability award based upon Dr. Sethi's independent medical evaluation.

Bruce Guberman, M.D., performed the second independent medical evaluation on August 22, 2013. He noted that in addition to the 2009 decompression laminectomy, Ms. Riffle underwent two prior surgical procedures on her lumbar spine, neither of which was necessitated by a work-related injury. Using the American Medical Association's *Guides*, Dr. Guberman opined that Ms. Riffle sustained 11% whole person impairment as a result of range of motion abnormalities in the lumbar spine. Additionally, he placed her in Category IV, subheadings D and E, of Table 75 of the American Medical Association's *Guides* and opined that Ms. Riffle sustained 16% whole person impairment as a result of the multiple surgical procedures performed on multiple levels of her lumbar spine. Dr. Guberman further opined that Ms. Riffle sustained 1% whole person impairment as a result of right sensory radiculopathy and 1% whole person impairment as a result of left sensory radiculopathy. Using the Combined Values Chart contained in the American Medical Association's *Guides*, he opined that she sustained a total of 27% whole person impairment. Dr. Guberman then apportioned 8% whole person impairment as attributable to the surgical procedures preceding the September 5, 2008, injury and opined that Ms. Riffle sustained 19% whole person impairment as a result of the September 5, 2008, injury. After apportioning for impairment attributable to the prior surgical procedures, he placed her in Lumbar Category V of West Virginia Code of State Rules § 85-20-Table C and adjusted his whole person impairment recommendation to 25%.

Finally, ChuanFang Jin, M.D., performed an independent medical evaluation on September 3, 2014. She also utilized the American Medical Association's *Guides* and noted that Ms. Riffle underwent two back surgeries several years prior to the September 5, 2008, injury. Dr. Jin opined that Ms. Riffle sustained 7% whole person impairment as a result of range of motion abnormalities in the lumbar spine. Additionally, she placed Ms. Riffle in Category IV, subheadings D and E, of Table 75 of the American Medical Association's *Guides* and opined that she sustained 14% whole person impairment as a result of the multiple surgical procedures performed on multiple levels of the lumbar spine. Dr. Jin further opined that Ms. Riffle sustained

subsequently underwent an L3-4 decompression laminectomy following a diagnosis of spinal stenosis. The claims administrator authorized the laminectomy on March 13, 2009.

[2] In his report, Dr. Sethi erroneously indicated that Ms. Riffle underwent a single-level decompression. The record clearly demonstrates that she underwent a multi-level decompression surgery following the September 5, 2008, injury.

1% whole person impairment as a result of a sensory abnormality in the form of L5-S1 radiculopathy. Using the Combined Values Chart contained in the American Medical Association's *Guides*, she opined that Ms. Riffle sustained 21% whole person impairment. Dr. Jin placed Ms. Riffle in Lumbar Category V of West Virginia Code of State Rules § 85-20-Table C and therefore adjusted her whole person impairment recommendation to 25%. After applying West Virginia Code of State Rules § 85-20, Dr. Jin apportioned 13% whole person impairment as attributable to permanent impairment arising from the two prior lumbar spine surgeries. She therefore opined that Ms. Riffle sustained 12% whole person impairment as a result of the September 5, 2008, injury.

The Office of Judges reversed the April 10, 2013, claims administrator's decision and granted Ms. Riffle a 25% permanent partial disability award consistent with the opinion of Dr. Guberman. The Board of Review reversed the Order of the Office of Judges and granted Ms. Riffle a 12% permanent partial disability award consistent with the opinion of Dr. Jin. On appeal, Ms. Riffle asserts that the Board of Review improperly granted her a permanent partial disability award reflecting apportionment for pre-existing impairment. Specifically, she asserts that the evidence of record fails to demonstrate that she sustained any amount of definitely ascertainable pre-existing impairment and, therefore, that she is entitled to a 25% permanent partial disability award, which is consistent with Dr. Jin's recommendation prior to apportionment for pre-existing impairment.

The Office of Judges found that Dr. Sethi underestimated the amount of Ms. Riffle's whole person impairment arising from the criteria established in Table 75 of the American Medical Association's *Guides*. The Office of Judges further found that both Dr. Guberman and Dr. Jin properly placed Ms. Riffle in Category IV of Table 75. However, the Office of Judges determined that Dr. Jin improperly apportioned for the amount of pre-existing impairment arising from Ms. Riffle's prior surgical procedures by apportioning after applying West Virginia Code of State Rules § 85-20. The Office of Judges therefore granted Ms. Riffle a 25% permanent partial disability award consistent with Dr. Guberman's opinion.

In its Order reversing the decision of the Office of Judges, the Board of Review noted that the issue of apportionment for impairment related to pre-existing causes is central to the instant appeal given Ms. Riffle's significant history of lower back surgeries prior to the September 5, 2008, injury. Regarding the independent medical evaluations of record, the Board of Review noted that Dr. Sethi did not apportion for pre-existing impairment, Dr. Guberman apportioned for pre-existing impairment prior to the application of West Virginia Code of State Rules § 85-20, and Dr. Jin apportioned for pre-existing impairment after the application of West Virginia Code of State Rules § 85-20. The Board of Review then looked to several of our prior memorandum decisions in which we found that apportionment for pre-existing causes of permanent impairment should occur after the application of West Virginia Code of State Rules § 85-20. *See, e.g., Lowe's v. Ramsey,* No. 12-0752 (W.Va. Supreme Court, June 11, 2014)(memorandum decision); *Rutherford v. SWVA,* No. 13-0291 (W.Va. Supreme Court, June 27, 2014)(memorandum decision); and *EQT v. Smith,* No. 13-0808 (W.Va. Supreme Court, October 15, 2014)(memorandum decision). The Board of Review then found that Dr. Jin is the only physician who apportioned for pre-existing impairment by utilizing the proper method, and

further found that her report is credible and reliable. The Board of Review concluded that Ms. Riffle is entitled to a 12% permanent partial disability award, as was recommended by Dr. Jin.

We agree with the reasoning and conclusions of the Board of Review. Contrary to Ms. Riffle's argument, both Dr. Guberman and Dr. Jin felt that she sustained a significant amount of definitely ascertainable impairment attributable to pre-existing causes, and both physicians therefore apportioned for pre-existing impairment when rendering their final recommendations. In syllabus point three of *SWVA, Inc., v. Birch*, __ W.Va. __, 787 S.E.2d 664 (2016), we held:

> In fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a non-compensable pre-existing definitely ascertainable impairment, the correct methodology pursuant to West Virginia Code § 23-4-9b (2003) is to deduct the impairment attributed to the pre-existing injury from the final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20.

As was noted by the Board of Review, only Dr. Jin applied the proper method of apportionment when calculating her final whole person impairment recommendation. Therefore, the Board of Review properly granted Ms. Riffle a 12% permanent partial disability award based upon Dr. Jin's independent medical evaluation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum