# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA C. DANIEL,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0214** (BOR Appeal No. 2049804)
(Claim No. 2013008014)

**JAY ENTERPRISES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa C. Daniel, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jay Enterprises, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a September 22, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 21, 2013, decision to grant no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Daniel, a housekeeper for Jay Enterprises, Inc., injured her back while she was making a bed on August 29, 2012. She filed for benefits and her claim was held compensable for a lumbar sprain by the claims administrator on October 3, 2012. On October 5, 2012, Ms. Daniel underwent a lumbar spine MRI which revealed early and minimal degenerative disc disease at L4-L5. There was no evidence of a disc herniation. There was a mild broad-based disc bulge at L4-5 that did not cause significant canal or foraminal encroachment.

1

An independent medical report dated December 18, 2012, showed that Ms. Daniel was evaluated by Jerry Scott, M.D. Dr. Scott diagnosed a lumbar sprain superimposed upon pre-existing degenerative disease of the lumbar region. Dr. Scott stated there were enough degenerative disease findings on the MRI to explain Ms. Daniel's current complaints. Dr. Scott stated it appeared she has degenerative disease which was "awakened" by the August 29, 2012, event. Dr. Scott found that Ms. Daniel had reached her maximum degree of medical improvement. Dr. Scott found she suffered from 6% whole person impairment related to the injury. Based upon Dr. Scott's report, and her previous permanent partial disability award of 13%, the claims administrator granted Ms. Daniel no additional permanent partial disability.

On August 15, 2013, an independent medical evaluation report from Bruce Guberman, M.D., was issued. Dr. Guberman diagnosed an acute and chronic lumbosacral sprain. Dr. Guberman found that Ms. Daniel had reached her maximum degree of medical improvement. Dr. Guberman found that she sustained 5% whole person impairment based upon his decision to place her in Lumbar Category II-B in Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Using Table 81 of the American Medical Association's *Guides*, Dr. Guberman found 9% impairment for range of motion abnormalities in flexion and extension of the lumbar spine. From Table 82 of the American Medical Association's *Guides*, Dr. Guberman found 2% impairment for range of motion abnormalities in lateral flexion of the lumbar spine. He opined that the 11% impairment for the range of motion abnormalities combined with the 5% impairment from Table 75 indicated she sustained 15% whole person impairment from the injury. Because she had already received a 13% permanent partial disability award for the lumbar spine, Dr. Guberman subtracted the previous award from his impairment rating to reach 2% whole person impairment. Dr. Guberman then placed her in Category II of West Virginia Code of State Rules § 85-20-Table C (2006), which has an allowable range of 5% to 8% impairment. Because she was below the 5% impairment he adjusted her impairment rating from 2% to 5% and recommended she receive an extra 5% permanent partial disability award above the 13% previously awarded.

On May 19, 2014, an independent medical evaluation report from Marsha Bailey, M.D., was issued. Dr. Bailey diagnosed chronic lower back pain without true radiculopathy. Dr. Bailey stated that Ms. Daniel may have sustained a simple sprain to her lumbar spine on August 29, 2012, and that it has long since resolved. She opined that Ms. Daniel's ongoing complaints could not be explained through her compensable injury. Dr. Bailey agreed with Dr. Scott that Ms. Daniel's ongoing complaints were a result of her degenerative disc disease. Dr. Bailey opined Ms. Daniels had reached her maximum medical improvement. Like Dr. Guberman, Dr. Bailey opined that Ms. Daniel fell into Category II-B of Table 75 of the Guides. Dr. Bailey could not find valid lumbar range of motion measurements because of pain restriction. Dr. Bailey opined that she fit into Lumbar Category I of West Virginia Code of State Rules § 85-20-Table C for a total of 0% whole person impairment. Dr. Bailey opined that in her opinion Ms. Daniel has no permanent impairment as a result of her compensable injury, and Ms. Daniel's ongoing complaints are solely a result of her personal risk factors, that is, her degenerative spine condition aggravated by her obesity.

The Office of Judges determined that Ms. Daniel was not entitled to an additional permanent partial disability award. The Office of Judges concluded that Dr. Guberman erroneously calculated impairment under the range of motion model by taking into account her prior permanent partial disability award prior to the application of West Virginia Code of State Rules § 85-20-Table C. The Office of Judges determined that both Dr. Guberman and Dr. Scott found that Ms. Daniels fell under Lumbar Spine Category II from West Virginia Code of State Rules § 85-20-Table C, which has an allowable range of 5% to 8% impairment of the whole person. Dr. Bailey found Ms. Daniel fell under Lumbar Spine Category I from West Virginia Code of State Rules § 85-20-Table C, which would equate to 0% impairment. Therefore, the Office of Judges concluded that all the evaluators' findings demonstrate that Ms. Daniel would be awarded no greater than 8% whole person impairment under West Virginia Code of State Rules § 85-20-Table C. Because the previous 13% award had already fully compensated Ms. Daniel, the Office of Judges concluded that she was not entitled to any additional permanent partial disability award. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. This Court recently held in Syllabus point three of *SWVA, Inc., v. Edward D. Birch*, ___ W. Va. ___, 787 S.E.2d 664 (2016), that:

> [i]n fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to W. Va. Code § 23–4–9b (2003) is to deduct the impairment attributed to the preexisting injury from the final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20.

Because the Board of Review adopted a position that is consistent with our jurisprudence and supported by the evidence, its decision is without error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II