# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FREDERICK G. STOLLINGS,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0179** (BOR Appeal No. 2050708)
(Claim No. 2012028141)

**APOGEE COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Frederick G. Stollings, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Apogee Coal Company, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2016, in which the Board affirmed an August 4, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 5, 2012, decision granting a 7% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stollings sustained a compensable injury when he backed a dozer off a coal pile. X-rays revealed anterior subluxation of L5 on S1, likely due to bilateral pars defects and degenerative disc disease. Slight decreases in heights of T10 and T11 were also noted. The claims administrator held the claim compensable for lumbago and cervicalgia. Mr. Stollings underwent two independent medical evaluations to evaluate the degree of permanent impairment arising from the compensable injury.

1

On July 23, 2012, Saghir R. Mir, M.D., evaluated Mr. Stollings. Dr. Mir diagnosed claimant with a resolved lumbosacral strain superimposed on pre-existing spondylolisthesis at the L5-S1 level and a resolved thoracic strain superimposed on pre-existing scoliosis in the thoracolumbar spine. Dr. Mir opined that Mr. Stollings had 5% impairment for his lumbar spine and 5% impairment for the thoracic spine, for a combined total of 10% whole person impairment. However, Dr. Mir apportioned 3% to Mr. Stollings's pre-existing conditions for a final recommendation of 7% whole person impairment. In ascertaining his recommendation, Dr. Mir did not use Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Mir felt that Table 75 was inapplicable. On December 5, 2012, the claims administrator granted Mr. Stollings a 7% permanent partial disability award based on Dr. Mir's evaluation.

On August 26, 2013, Bruce Guberman, M.D., evaluated Mr. Stollings. Dr. Guberman diagnosed an acute and chronic thoracic spine strain (post-traumatic) and an acute and chronic lumbosacral strain (post-traumatic). With respect to the thoracic spine, Dr. Guberman found 2% impairment from Table 75 and 5% impairment for range of motion restrictions, for a combined total of 7% whole person impairment. With respect to the lumbar spine, Dr. Guberman found 5% impairment from Table 75 and 7% impairment for range of motion restrictions. However, Dr. Guberman apportioned 3% to pre-existing conditions, bringing the total findings to 9% whole person impairment. Dr. Guberman reduced this number to 8% in accordance with West Virginia Code of State Rules §85-20 (2006). His final recommendation was 14% whole person impairment.

The Office of Judges reversed the claims administrator's decision granting a 7% permanent partial disability award on April 22, 2014. The Office of Judges found that Dr. Mir's report was unreliable because he failed to use Table 75 from the American Medical Association's *Guides*. The Office of Judges granted a 14% permanent partial disability award based on Dr. Guberman's recommendation. The Board of Review found that both doctors' reports had problems. Dr. Guberman failed to apportion for pre-existing conditions before applying West Virginia Code of State Rules §85-20 and Dr. Mir did not provide an explanation for why he did not use Table 75. The Board of Review remanded the case to the Office of Judges to obtain more evidence.

After taking the depositions of both doctors, the Office of Judges vacated its previous Order on August 4, 2015, and granted Mr. Stollings a 7% permanent partial disability award in accordance with Dr. Mir's recommendation. Dr. Mir testified that Table 75 does not automatically need to be used for every patient with back pain. Table 75 should not be used if an evaluator believes that the claimant is being evaluated due to a pre-existing condition and not a work-related injury. The Office of Judges found that while Dr. Mir did believe the impairment was in part due to the compensable injury, he did not patently deviate from the American Medical Association's *Guides* or this Court's rulings. Dr. Guberman, however, apportioned before applying West Virginia Code of State Rules §85-20. The Office of Judges found his opinions must be dismissed as invalid. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 26, 2016.

The Board of Review's decision should be affirmed. Dr. Mir's recommendation did not patently deviate from the American Medical Association's *Guides* or this Court's prior rulings. Dr. Mir testified that he could have given 5% impairment under Table 75 and then taken it away, but he did not. The result would be the same. Dr. Guberman's recommendation fails because he did not apportion after applying West Virginia Code of State Rules §85-20. This Court has previously held that pre-existing impairments must be apportioned for after applying the tables in West Virginia Code of State Rules §85- 20. *See SWVA, Inc. v. Edward Birch,* 237 W.Va. 393, 787 S.E.2d 664 (2016). Dr. Guberman's failure to apportion for the pre-existing condition after West Virginia Code of State Rules §85-20 renders his recommendation invalid. Dr. Mir did not patently deviate and thus, his recommendation is sufficient.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker