# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 23, 2018

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REGINA L. CONNER,**
**Claimant Below, Petitioner**

**vs.)   No.  17-0838** (BOR Appeal No. 2051874)
(Claim No. 2015026266)

**PROFESSIONAL IMAGING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Regina L. Conner, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. [1]

The issue on appeal is permanent partial disability. On May 12, 2016, the claims administrator granted an award of 3% permanent partial disability. The Office of Judges affirmed the claims administrator's award in its March 13, 2017, Order. The Order was affirmed by the Board of Review on August 23, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Conner works in medical billing for Professional Imaging, Inc. On March 26, 2015, she developed pain in her low back after she bent over to pull copy paper. An April 17, 2015, lumbar spine MRI revealed extruded disc material at L4-L5. Ms. Conner underwent a right L4-L5 laminectomy/foraminotomy/discectomy on June 2, 2015. Prior to the 2015 compensable injury, Ms. Conner fell in snow in March of 2011 and injured her back. As a result of that fall, she underwent an L4-L5 discectomy for which she had residual symptoms including back pain and left leg numbness.

---

[1] No response was filed on behalf of Professional Imaging, Inc.

Following Ms. Conner's recovery from her June 2, 2015, surgery, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. During the evaluation on April 19, 2016, Ms. Conner complained of low back pain with radiation to the right gluteal and hip regions, as well as numbness over the right leg and right foot. Upon examination, Dr. Mukkamala noted the lumbar spine range of motion measurements were fairly consistent with repeated attempts. Ms. Conner walked with a limp on the right side. Dr. Mukkamala diagnosed lumbar sprain, status-post L4-L5 discectomy performed twice. He assessed 7% impairment for loss of range of motion according to Figures 79 and 80 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He also assessed 1% impairment for sensory diminution according to Tables 20 and 83 of the American Medical Association's *Guides* and 12% impairment for the surgical procedures per Table 75 American Medical Association's *Guides*. Dr. Mukkamala combined the ratings to 19% whole person impairment. He then reduced the 19% to 13% per West Virginia Code of State Rules § 85-20 (2006). He then opined that the 13% impairment was due to all of Ms. Conner's back injuries. Ms. Conner had 10% impairment due to the first discectomy and residual symptoms. After reducing the 13% impairment by the 10% due to the prior problems, Dr. Mukkamala opined that Ms. Conner had 3% impairment for the compensable injury. Based on his report, the claims administrator granted a 3% permanent partial disability award on May 12, 2016.

David P. Rupp, M.D., performed an independent medical evaluation on September 23, 2016. Ms. Conner reported constant right-sided low back pain with occasional shooting pain to the right foot. She noted difficulty walking or sitting for long periods of time. Dr. Rupp assessed 13% impairment for restricted range of motion, 10% impairment for the discectomy, and 7% for loss of strength with hip flexion and hip extension, which combined to 27% whole person impairment. Dr. Rupp reduced the 27% impairment to 13% impairment according to West Virginia Code of State Rules § 85-20. Dr. Rupp then noted Ms. Conner's preexisting injury, which resulted in her 2011 surgery, and apportioned 8% of the 13% impairment to the preexisting condition for a final assessment of 5% impairment.

In its March 13, 2017, Order, the Office of Judges affirmed the claims administrator's May 12, 2016, decision. The Office of Judges noted that Drs. Mukkamala and Rupp evaluated the claimant based upon range of motion. Dr. Rupp deducted the preexisting impairment from his range of motion findings prior to his application of West Virginia Code of State Rules § 85-20. However, per West Virginia Code § 23-4-9b (2003), the correct methodology is to deduct impairment attributable to a preexisting injury from the final whole person impairment rating. *SWVA, Inc. v. Birch*, 237 W.Va. 393, 787 S.E.2d 644, 670 (2016). Dr. Mukkamala was the only physician of record to properly apportion the impairment. Therefore, the Office of Judges found Dr. Mukkamala's report to be the most credible evidence of Ms. Conner's impairment due to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 23, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Per West Virginia Code § 23-4-9b (2003), the correct method of assessing impairment when a prior injury exists is to deduct impairment attributable to the preexisting injury from the final whole person impairment rating. Therefore, a claimant must be

rated by range of motion and West Virginia Code of State Rules § 85-20 before prior impairment can be deducted. Dr. Rupp failed to properly apportion his assessment of impairment. Dr. Mukkamala's report is reliable and the Office of Judges' Order was properly affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum