# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DAVID HARRIS,**
**Claimant Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1030** (BOR Appeal No. 2052823)
                    (Claim No. 2015018651)

**EMERALD PROCESSING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Harris, by Counsel Linda Garrett, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Emerald Processing, LLC, by Counsel Steven Wellman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted an 8% permanent partial disability award on November 9, 2016. The Office of Judges affirmed the decision in its April 5, 2018, Order. The Order was affirmed by the Board of Review on October 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harris, a coal miner, was injured in the course of his employment on January 7, 2015, when he was pinned between a coal rib and a miner. The claim was held compensable for abdomen contusion. A lower extremity EMG was performed on May 8, 2015, and there were no abnormal findings. A lumbar MRI was performed on January 29, 2016 and revealed multilevel disc bulges, facet arthropathy from L2-L5, mild to moderate canal stenosis, moderate to severe bilateral neuroforaminal stenosis from L3-L5, and questionable epidural lipomatosis. Contusion of trunk was added to the claim on May 25, 2016.

1

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on November 1, 2016, in which he diagnosed status post laparoscopic repair of bilateral inguinal hernia and umbilical hernia. Dr. Mukkamala found that Mr. Harris had reached maximum medical improvement. He assessed 0% impairment for the hernia. For the lumbar spine, Dr. Mukkamala placed Mr. Harris in Lumbar Category IV of West Virginia Code of State Rules § 85-20-C (2006) and assessed 20% impairment. He apportioned 12% to preexisting degenerative spondyloarthropathy which resulted in spinal stenosis that required spinal fusion. This left 8% impairment due to the work-related injury. Based on Dr. Mukkamala's assessment, the claims administrator granted an 8% permanent partial disability award on November 9, 2016.

On July 11, 2017, Robert Walker, M.D., performed an independent medical evaluation in which he found 14% impairment for range of motion abnormalities in the lumbar spine. Mr. Harris was placed in Category IV-D from Table 75 of West Virginia Code of State Rules § 85-20-C for an additional 12% impairment. The impairments combined to 25% impairment. Mr. Harris was then assigned to Lumbar Category IV, which allows for between 20 and 23% impairment. The impairment was therefore adjusted to 23%. Dr. Walker noted that 20 to 23% of the impairment is allocated to the surgical fusion regardless of range of motion, so 4% impairment should be apportioned for preexisting degenerative changes. His final recommendation was 21% impairment due to the compensable injury.

In a January 16, 2018, independent medical evaluation, Marsha Bailey, M.D., diagnosed chronic lower back pain with resolved left lumbar radiculopathy. She opined that Mr. Harris had reached maximum medical improvement long ago. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Bailey assessed 12% lumbar spine impairment under Table 75. She stated that Mr. Harris's range of motion measurements were all invalid due to pain. Dr. Bailey placed Mr. Harris in Lumbar Category IV under West Virginia Code of State Rules § 85-20-C and adjusted the rating to 20%. She then apportioned 13% to preexisting degenerative disc and joint disease. She therefore assessed 7% impairment for the compensable injury. Dr. Bailey stated that Dr. Walker's report was flawed and should be considered invalid. He apportioned impairment prior to applying West Virginia Code of State Rules § 85-20. He also failed to include two pages of the required low back examination form.

The Office of Judges affirmed the claims administrator's grant of an 8% permanent partial disability award on April 5, 2018. It found that this Court has previously stated in *Freddie Browning v. Brayman Construction,* No. 13-0183, 2014 WL 2922692 (W. Va. June 27, 2014)(memorandum decision), that apportionment for preexisting conditions should occur after the application of West Virginia Code of State Rules § 85-20. The Office of Judges determined in the case at bar that Dr. Walker failed to properly apportion for the preexisting conditions as he apportioned prior to applying West Virginia Code of State Rules § 85-20-C. His rating was therefore incorrect. The Office of Judges further determined that Dr. Bailey was unable to find valid range of motion measurements during her evaluation. Dr. Mukkamala therefore provided the most accurate and reliable assessment of Mr. Harris's impairment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. In *SWVA, Inc. v. Birch*, 237 W. Va. 393, 399, 787 S.E.2d 664, 670 (2016), this Court held that

> in fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to W. Va. Code § 23–4–9b (2003) is to deduct the impairment attributable to the preexisting injury from the final whole person impairment rating as determined under West Code of State Rules § 85-20.

Dr. Walker clearly apportioned prior to the application of West Virginia Code of State Rules § 85-20, and his report is unreliable. The Office of Judges, and by extension Board of Review, were correct in finding that Dr. Mukkamala provided an accurate and reliable assessment of Mr. Harris's impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison