# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MICHAEL L. DEAN,**
**Claimant Below, Petitioner**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-86**       (BOR Appeal No. 2057840)
                              (JCN: 2019006992)

**ARCH COAL, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michael L. Dean appeals the July 22, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Arch Coal Inc. filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's order granting petitioner a 15% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was injured on September 20, 2018, when he was lifting mine cable and water lines overhead to hang them and suffered a sudden inset of pain in his neck and right shoulder. Testing revealed a large disc herniation at the C6-7 level and a right shoulder rotator cuff tear. The claim was held compensable for right shoulder and neck strain. The claim was later updated to include the diagnoses of disc herniation and rotator cuff tear.

On April 11, 2019, petitioner had surgery to repair the injury to his right shoulder. On March 17, 2020, petitioner had surgery to repair the cervical injury, an anterior cervical discectomy, and fusion of the C6-7 vertebrae. Petitioner completed physical therapy after both surgeries.

---

[1] Petitioner is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. Respondent is represented by Steven K. Wellman, Esq. and James W. Heslep, Esq.

1

Joseph E. Grady, II, M.D., performed an independent medical examination ("IME") on September 24, 2020. Dr. Grady used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) in his evaluation of petitioner's level of impairment. Dr. Grady found that petitioner had 7% impairment for right upper extremity loss of range of motion. Dr. Grady apportioned this to 0% impairment due to petitioner's previous right shoulder injury for which he had been granted a 4% PPD award.[2] Dr. Grady found a 10% impairment for loss of cervical motion and 13% impairment for petitioner's injury and surgical fusion of C6-7. Dr. Grady totaled petitioner's level of impairment at 22% and adjusted this to the minimum 25% under West Virginia Code of State Rules § 85-20 ("Rule 20"). Dr. Grady evaluated petitioner's previous non-work-related spinal injury[3] and found a 10% impairment which he deducted from the 25% whole person impairment leaving a 15% whole person impairment rating attributed to petitioner's current compensable conditions.

Karl C. Boone, D.C., performed an IME on March 18, 2021. Dr. Boone also used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) in his evaluation of petitioner's level of impairment. Dr. Boone found that petitioner had 6% whole person impairment for upper extremity loss of range of motion but did not apportion for petitioner's previous shoulder injury. Dr. Boone found 13% impairment for loss of cervical range of motion, and 11% impairment for petitioner's current cervical injury. This totaled 23% impairment which was adjusted to the minimum 25% required under Rule 20. Dr. Boone apportioned 8% impairment to petitioner's previous cervical injury, thus the total was adjusted to 17% and added to the 6% impairment Dr. Boone found for the right shoulder. In sum, Dr. Boone found that petitioner had 23% total whole person impairment attributable to his work-related injury.

The OOJ deemed Dr. Grady's report to be the most reliable due to Dr. Grady's finding that petitioner's 4% right shoulder range of motion impairment was totally offset by petitioner's prior 4% PPD award. The OOJ affirmed the 15% PPD award recommended by Dr. Grady. The Board affirmed the OOJ's order. Petitioner now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2] Petitioner had previously sustained a compensable injury to his right shoulder, a rotator cuff tear, in 2011 for which he received a PPD award of 4%.

[3] Petitioner began to have neck pain in 2017, unrelated to his job, and was diagnosed with cervical spinal stenosis. Petitioner had surgery in 2017, an anterior cervical discectomy and fusion of the C3-4 vertebra.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, petitioner argues that the reports from both of the doctors were equally reliable and, therefore, the OOJ should have decided in favor of petitioner pursuant to West Virginia Code § 23-4-1g (2003). This statute provides that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

Petitioner further argues that Dr. Grady failed to differentiate among petitioner's separate injuries, there should not have been a reduction due to the 2011 PPD award because the right shoulder injury from 2011 is materially different from the 2018 right shoulder injury, and that Dr. Grady ignored the fact that petitioner had a "full duty, no limitation" right shoulder prior to September 20, 2018. Petitioner contends that Dr. Boone correctly detailed petitioner's injury and most accurately determined petitioner's degree of impairment.

Upon our review, we find no error. Petitioner's argument that the reports of both doctors should have been considered equally persuasive is not supported by the record. The OOJ noted that the reports of Dr. Grady and Dr. Boone were similar on most points of the evaluation but differed greatly on the apportionment of impairment contributable to petitioner's previous shoulder injury. The OOJ also noted that Dr. Boone failed to reference or discuss an abnormality at C3-4 consistent with myelopathy or consider that such should be considered a residual sign of petitioner's previous injury. Dr. Grady did consider these residual signs in his report. The OOJ gave these reasons for its finding that the report of Dr. Grady was more reliable than the report of Dr. Boone. The OOJ considered both reports and made clear and specific findings about the credibility and reliability of the reports.

3

Petitioner's argument that his preexisting right shoulder injury should not have been considered by Dr. Grady in his evaluation of petitioner's impairment is unfounded. Syllabus Point 3 of *SWVA, Inc. v. Birch*, 237 W. Va. 393, 787 S.E.2d 162 (2016) states,

> [i]n fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to W. Va. Code § 23-4-9b (2003) is to deduct the impairment attributed to the preexisting injury from the final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20.

The fact that petitioner was granted a PPD award for his 2011 right shoulder indicates that this was a permanent injury that should be considered when evaluating his current level of impairment. We find no error in the OOJ's finding that Dr. Grady was correct in his determination that petitioner's 4% right shoulder range of motion impairment was totally offset by petitioner's prior 4% PPD award.

The OOJ, as affirmed by the Board, was not clearly wrong in affirming the claim administrator's order granting petitioner a 15% PPD award.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

4