# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BARRY LUCAS,**
**Claimant Below, Petitioner**

**FILED**

February 23, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-0841** (BOR Appeal No. 2051894)
(Claim No. 2007213766)

**PERFORMANCE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Barry Lucas, by Edward G. Atkins, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Performance Coal Company, by Sean Harter, its attorney, filed a timely response.

The issue on appeal is permanent partial disability. On July 1, 2015, the claims administrator held that Mr. Lucas had been fully compensated by prior awards. The Office of Judges affirmed the decision in its March 24, 2017, Order. The Order was affirmed by the Board of Review on August 23, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lucas, a belt maintenance man, injured his lower back in the course of his employment on December 1, 2006, while lifting a belt roller. Prior to that injury, Mr. Lucas has a long history of back injuries. On November 6, 1985, x-rays of the thoracic spine showed compression fractures of T12 and T10. It was noted that Mr. Lucas sustained a substantial injury for which he eventually received a 25% permanent partial disability award for the thoracic spine. He underwent a spinal fusion on November 24, 1987.

An independent medical evaluation was performed in the instant claim by Joseph Grady, M.D., on March 31, 2009. Dr. Grady found 0% thoracic impairment and 25% lumbar impairment

1

attributable to the compensable injury. Mr. Lucas was granted a 25% permanent partial disability award for the lumbar spine on May 21, 2009.

Saghir Mir, M.D., performed an independent medical evaluation on April 27, 2015, in which he found that Mr. Lucas had reached maximum medical improvement. Dr. Mir stated that after a spinal fusion, it is common for degenerative changes to develop above and below the area of the spinal fusion. He stated that Mr. Lucas had developed significant degenerative disc disease at L2-3 and some osteoporosis. Dr. Mir noted that Mr. Lucas had a spinal cord stimulator placed but still had persistent symptoms. He then underwent additional fusion from L2 to S1. Dr. Mir diagnosed compression fracture of the L3 vertebra due to the 2006 compensable injury resulting in a fusion from L2-S1. He also diagnosed thoracic sprain/strain superimposed on preexisting spinal fusion due to the 1985 injury. Dr. Mir assessed 17% impairment according to Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). For range of motion loss he found 30.5% which adjusted to 28% per West Virginia Code of State Rules § 85-20 (2006). For the thoracic spine he found 5% range of motion impairment. Mr. Lucas qualified for 2% impairment per Table 75. Dr. Mir then placed Mr. Lucas in Thoracic Category II for 5% impairment under West Virginia Code of State Rules § 85-20. He also recommended an additional 3% impairment for the application and removal of a spinal cord stimulator. His total impairment recommendation was 34%.

On April 22, 2016, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he diagnosed thoracic sprain with history of prior T12 fracture, treated with T9-L2 fusion; disc displacement; and status post L1-S1 fusion. For the lumbar spine, he found 17% impairment under Table 75 and 12% for range of motion loss for a combined total of 27% impairment. He then placed Mr. Lucas in Lumbar Category IV of West Virginia Code of State Rules § 85-20 and reduced the impairment to 23%. For the thoracic spine, he found 8% impairment per Table 75 and 14% for range of motion loss. This combined for 23% whole person impairment. After deducting Mr. Lucas's prior permanent partial disability award of 25%, Dr. Mukkamala found that Mr. Lucas had 23% whole person impairment attributable to the compensable injury.

Michael Condaras, M.D., performed a medical review on July 26, 2016, in which he stated that he reviewed the reports of Drs. Mukkamala and Mir. He opined that no matter what impairment was found by Dr. Mir, he should have subtracted the prior 25% permanent partial disability award. Dr. Condaras believed Mr. Lucas had been fully compensated for his two back injuries with awards of 25% for both the thoracic and lumbar spines. Dr. Condaras opined that Dr. Mukkamala's finding of 23% lumbar spine impairment was accurate and reliable per the American Medical Association's *Guides.* He found that Dr. Mir's finding of 34% impairment was unreliable because he placed Mr. Lucas in Category V due to radiculopathy. He also failed to subtract the prior 25% permanent partial disability award.

On August 24, 2016, Bruce Guberman, M.D., performed an independent medical evaluation in which he found 19% lumbar impairment using Table 75 of the American Medical Association's *Guides*. Using range of motion studies, he found 27% lumbar spine impairment. Dr. Guberman's combined total was 42% impairment. He placed Mr. Lucas in Lumbar Category

2

V of West Virginia Code of State Rules § 85-20 and adjusted the rating to 28% impairment for the lumbar spine. For the thoracic spine, he found that Mr. Lucas had 2% impairment under Table 75 of the American Medical Association's *Guides.* He placed Mr. Lucas in Thoracic Category II and adjusted the rating to 5%. Dr. Guberman's combined impairment recommendation was 32% impairment. In a September 13, 2016, addendum, Dr. Guberman clarified that his 32% impairment assessment was in addition to the previous 25% impairment Mr. Lucas sustained due to his injury.

In a supplemental report dated November 22, 2016, Dr. Mukkamala found that Dr. Guberman's rating of 32% impairment was inaccurate. He found that Dr. Guberman did not properly allow for Mr. Lucas's prior thoracic spine injury. He opined that Dr. Guberman's impairment, if adopted, would overcompensate Mr. Lucas and be a duplication of awards.

The claims administrator held the claimant had been fully compensated by prior awards received for the thoracic and lumbar spines on July 1, 2015. The Office of Judges affirmed the decision in its March 24, 2017, Order. It found that Drs. Mir and Guberman failed to appropriately apportion for preexisting impairment. The Office of Judges determined that the proper procedure is to evaluate the injured body part as is, make a recommendation of whole person impairment, then use West Virginia Code of State Rules § 85-20 to determine which category the claimant falls in, and finally, apportion for preexisting impairment. The Office of Judges found that Dr. Mir, like Dr. Guberman, found Mr. Lucas to have 5% thoracic impairment after considering the range of motion model and West Virginia Code of State Rules § 85-20. There is no indication in Dr. Mir's report that he deducted impairment for Mr. Lucas's prior award. Additionally, Dr. Mir failed to explain why he recommended an additional 3% impairment for placement and removal of a spinal cord stimulator. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 23, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Per West Virginia Code § 23-4-9b (2003), the correct methodology for evaluating permanent impairment is to deduct impairment attributable to preexisting injury from the final whole person impairment rating. *SWVA, Inc. v. Birch*, 237 W.Va. 393, 787 S.E.2d 644, 670 (2016). Therefore, a claimant must be rated by range of motion and West Virginia Code of State Rules § 85-20 before prior impairment can be deducted. Drs. Mir and Guberman failed to properly apportion their impairment findings. Dr. Mukkamala's report is reliable and the Office of Judges' Order was properly affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

4