# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2018 Term

_____

No. 17-0152

_____

**FILED**
**May 30, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARCH COAL, INC.,**
**Employer Below, Petitioner**

v.

**JIMMIE LEMON,**
**Claimant Below, Respondent**

_____

**Appeal from the West Virginia**
**Workers' Compensation Board of Review**
**BOR No. 2051542,**
**JCN No. 2016026271**
**Claim No. 555-205723**

_____

**MEMORANDUM DECISION WITHDRAWN,**
**BOARD OF REVIEW AFFIRMED**

_____

**Submitted Upon Rehearing: May 15, 2018**
**Filed: May 30, 2018**

Jeffrey M. Carder, Esq.               Reginald D. Henry, Esq.
Jeffrey B. Brannon, Esq.              Rodney A. Skeens, Esq.
Cipriani & Werner, P.C.               Beckley, West Virginia
Charleston, West Virginia            Counsel for Respondent
Counsel for Petitioner Arch Coal, Inc.    Jimmie Lemon

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "Pursuant to W.Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. pt. 2, *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016).

2. "A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable." Syl. pt. 3, *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016).

**Justice Ketchum**:

This workers' compensation claim concerns a low back injury the claimant, Jimmie Lemon, maintains occurred in the course of and resulting from his employment with Arch Coal, Inc. The Office of Judges found the claim compensable and designated Lemon's compensable condition as a herniated disc at L4-5. The decision of the Office of Judges was affirmed by the Workers' Compensation Board of Review. On appeal, however, this Court concluded that Lemon's injury was not work-related. Consequently, in a Memorandum Decision filed in December 2017 this Court reversed the Board of Review and remanded the case with directions that the claim be rejected.[1]

On March 16, 2018, this Court granted Lemon's petition for rehearing, and on May 15, 2018, argument on the petition was heard.[2] Upon reconsideration, this Court upholds the prior administrative finding that, based on the preponderance of the evidence, Lemon's injury was work-related. Therefore, the December 2017 Memorandum Decision is withdrawn, the decision of the Board of Review is affirmed, and this case is remanded with directions to reinstate the decisions of the Office of Judges and the Board of Review that Lemon's claim is compensable, with his designated compensable condition as a herniated disc at L4-5.

---

[1] *See*, *Arch Coal, Inc. v. Jimmie Lemon*, No. 17-0152, 2017 WL 6503443, (W.Va. December 19, 2017) (Memorandum Decision) (Workman, J. and Walker, J. dissenting).

[2] Justice Davis and Justice Loughry would refuse the petition for rehearing.

## I. Factual Background

Lemon was a general laborer who worked underground at a mine site operated by Arch Coal. Workers' compensation records show prior claims regarding his back. One of those claims resulted in an MRI of Lemon's lumbar spine conducted on March 1, 2009, which revealed "mild concentric bulging" of Lemon's L4-5 and L5-S1 intervertebral discs, with "[n]o lumbar intervertebral disk herniation or spinal stenosis identified." Referring to the MRI, Dr. Patel, an orthopaedic spine surgeon, indicated that surgery was not warranted at that time.

According to Lemon, the injury regarding the present claim occurred later on April 6, 2016. Lemon states that he was driving a shuttle car on a rough section of underground terrain when the car hit a large hole, causing a jarring or impact injury to his low back. Lemon told his foreman that he had hurt himself and needed to go home early and that he would see a doctor the next morning.

On April 7, 2016, Lemon saw Dr. Kominsky, a chiropractic physician, who determined that Lemon had a lumbar disc protrusion with nerve root compression. Dr. Kominsky recommended that Lemon undergo an MRI scan. Later that day, Lemon reported to General Mine Foreman Ronald Price and stated that the doctor told him to take it easy at work. According to Price, Lemon was moving slow with a noticeable limp and stated that

his back was killing him.  However, Lemon said he did not know how he hurt his back.  Price did not let Lemon work underground that day and told Lemon to report back after his next doctor appointment.

An MRI of Lemon's lumbar spine was conducted on April 13, 2016, which revealed the following: "Right lateral disc herniation and disc bulge at L4-5 causing right foraminal [passage] encroachment and nerve root sheath impingement.  Degenerative disc and joint disease at L5-S1 without significant canal or foraminal encroachment."  Later, on April 13, 2016, Lemon reported to the mine site and, referring to the MRI, stated that he wanted to fill out an accident report.

According to the April 13, 2016, statements of Foreman Price and Mine Manager Kenneth Evans, Lemon indicated that his back problem was due to wear and tear over the years.  Thus, Lemon could not determine when the present injury occurred.  Price noted, however, that Lemon recalled that when "running a shuttle car his back was hurting so bad he couldn't hardly breathe and had a shift foreman bring him out early."  An April 13, 2016, statement of Assistant General Mine Foreman Donnie Crum related that Lemon said that his back problem was due to a previous injury when he was young and that on April 1, 2016, (prior to the alleged injury of April 6, 2016,) Lemon stated that he did not hurt his back while on the job.

3

## II. Administrative Background

On April 20, 2016, Lemon completed the Employees' and Physicians' Report of Occupational Injury or Disease. Lemon stated in the Report that the injury occurred on April 6, 2016, and was caused when the vehicle he was operating hit a hole in the rough terrain on his employer's premises. Dr. Kominsky completed the physician's portion of the Report and, designating Lemon's injury as occupational, stated: "MRI indicates a new injury at L4-5 with nerve root compression / DJD at L5-S1."[3]

The Claim Administrator denied the claim on April 29, 2016, on the basis that Lemon's injury was not work-related. Thereafter, additional medical reports were obtained regarding the nature of Lemon's low back injury.

Dr. Kominsky referred Lemon to Dr. Orphanos, M.D., of Neurological Associates, Inc., who performed a discectomy on Lemon's low back on June 24, 2016, following a pre-operative diagnosis of "right L4-5 far lateral disc herniation." Later, Dr. Soulsby, M.D., of Orthoclinic, PC, completed a Record Review and Opinion of Lemon's condition. Dr. Soulsby indicated that Lemon's injury was not traumatic in origin. Rather, Lemon's low back condition was the consequence of progressive, pre-existing degenerative disc disease.

---

[3] Based on the April 13, 2016, MRI of Lemon's lumbar spine, Dr. Kominsky's reference in the Employees' and Physicians' Report to "DJD at L5-S-1" would indicate degenerative joint disease at L5-S1.

Finally, an Age of Injury Analysis and MRI Comparison were conducted by Dr. Luchs, M.D., of Diagnostic Dating Specialists, LLC. Dr. Luchs compared the March 1, 2009, MRI with the post-injury April 13, 2016, MRI and concluded that Lemon's condition was due to a progression of degenerative disc disease with chronic disc herniation at L4-5.[4]

Following an evidentiary hearing, the Administrative Law Judge of the Office of Judges entered a decision on August 18, 2016, which reversed the decision of the Claim Administrator and found the claim compensable. The Administrative Law Judge found Lemon's compensable condition to be a herniated disc at L4-5, which had required surgery.

The Administrative Law Judge noted that some evaluating physicians concluded that Lemon's condition was due to degenerative changes rather than a work-related injury.

---

[4] Dr. Luchs expressed the opinion that the absence of certain factors suggested that Lemon's disc herniation predated the alleged April 6, 2016, injury. Dr. Luchs stated in the MRI Comparison report:

> Superimposed disc herniation at L4/5 is evident on the MRI dated 4/13/2016, which was not evident on the prior MRI dated 3/1/2009. The disc herniation however does not demonstrate high signal in or around the disc herniation, and there is no associated annular tear evident to suspect an acute disc herniation. Therefore although this disc herniation was not present on the prior exam, the disc herniation does however predate the patient's injury.

Lemon, however, testified before the Administrative Law Judge of the Office of Judges that, prior to the April 6, 2016, incident, he was never diagnosed "with having a ruptured disc or disc herniation."

5

However, the Administrative Law Judge emphasized that, after the alleged injury, the April 13, 2016, MRI established that, in addition to the degenerative changes, Lemon exhibited a right lateral disc herniation and disc bulge at L4-5 "causing right foraminal [passage] encroachment and nerve root sheath impingement." According to the Administrative Law Judge, the disc herniation "could certainly explain the claimant's assertions of severe low back pain running down the right leg."

On January 20 2017, the Workers' Compensation Board of Review adopted the findings and conclusions of the Administrative Law Judge and affirmed the Office of Judges' August 18, 2016, decision. Arch Coal's motion for reconsideration was denied.

Arch Coal filed an appeal in this Court from the January 20, 2017, decision of the Board of Review.

### III. The Memorandum Decision and
### Lemon's Petition for Rehearing

On December 19, 2017, this Court issued a Memorandum Decision in which we determined that the evidence showed that Lemon did not sustain a work-related injury on April 6, 2016. Consequently, this Court reversed the Board of Review and directed that the Claim Administrator's April 29, 2016, rejection of the claim be reinstated.

6

Noting Lemon's long history of back problems, this Court stated as follows:

> [Lemon] previously had a disc bulge at L4-5, as seen on the March 2009 MRI. The April 2016 MRI showed that disc had herniated. Though Dr. Orphanos noted that Mr. Lemon was injured at work, Dr. Soulsby opined in his record review that he found no evidence of any significant injury on the date in question and stated that Mr. Lemon's symptoms are the result of his preexisting back conditions. Dr. Luchs, who performed both a comparison and an aging analysis report, determined that the herniated disc is the result of the typical progression of degenerative disc disease and interval development of what appears to be a chronic disc herniation at L4-5.

Lemon filed a petition for rehearing from the Memorandum Decision, asserting that this Court failed to afford proper deference to the findings of the Administrative Law Judge and Board of Review. In March 2018, this Court granted a rehearing in the case.[5]

## IV. Standard of Review

This Court's standard of review in workers' compensation cases is provided by statute. *W.Va. Code*, 23-5-15(b) [2005], states that deference shall be given to the Board of Review's "findings, reasoning and conclusions." In the current matter, by affirming the Office of Judges, the Board of Review effectively reversed the denial of the claim by the Claim Administrator. Thus, subsection (d) of the statute is applicable which provides a detailed basis for reviewing the Board of Review's decision:

---

[5] *See*, this Court's order of March 16, 2018, granting Lemon's petition for rehearing, Justice Davis and Justice Loughry would refuse.

7

(d) If the decision of the Board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

Subsection (d) of *W.Va. Code*, 23-5-15 [2005], provides further:

If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision.

*Cf.*, *Wilkinson v. West Virginia Office Ins. Comm'n*, 222 W.Va. 394, 398, 664 S.E.2d 735, 739 (2008) (applying a different subsection of *W.Va. Code*, 23-5-15 [2005], where the Board affirmed both the Commission and the Office of Judges).

With those principles in mind, we reconsider the Board of Review's decision, this Court's December 19, 2017, Memorandum Decision, and Lemon's petition for rehearing.

8

## V. Discussion

Pursuant to *W.Va. Code*, 23-4-1(a) [2008], workers' compensation benefits shall be paid to employees "who have received personal injuries in the course of and resulting from their covered employment."[6] Moreover, *W.Va. Code*, 23-4-1g(a) [2003], provides that any issue regarding benefits involving the weighing of evidence shall be resolved by a preponderance of the evidence. Thus, this Court held in syllabus point 2 of *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016): "Pursuant to W.Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." In the case before us, the Administrative Law Judge's finding of compensability was based on the preponderance of the evidence standard.

The Memorandum Decision incorrectly stated the issue before this Court in terms of whether Lemon's low back injury "was properly found to be non-compensable." The issue, properly stated, is whether the decision of the Board of Review, favorable to Lemon and based on the evidentiary findings of the Administrative Law Judge, should be affirmed, reversed or modified pursuant to the standard of review set forth in *W.Va. Code*, 23-5-15

---

[6] *See*, syl. pt. 1, *Barnett v. State Workmen's Compensation Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970) ("In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment *and* (3) resulting from that employment." (Emphasis in the original.)).

[2005]. Subsection (b) of that statute requires this Court to give deference to the Board's "findings, reasoning and conclusions." Moreover, where this Court reverses the Board, as in the case of the Memorandum Decision herein, subsection (d) of the statute requires this Court to state "with specificity" the reason for the reversal and why the Board "was so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision." The Memorandum Decision does not include that analysis. Instead, the Memorandum Decision reveals an inappropriate re-weighing of the evidentiary record.

This Court's holding in the Memorandum Decision to reinstate the ruling of the Claim Administrator rested largely on the degenerative disc disease discussions of Dr. Soulsby in the Record Review and Dr. Luchs in the Age of Injury Analysis and MRI Comparison. It is undisputed that Lemon had a history of degenerative disc disease and prior workers' compensation claims involving back problems. The Memorandum Decision, however, does not address Dr. Kominsky's statement that, with respect to the April 6, 2016, incident, the MRI "indicates a new injury at L4-5 with nerve root compression." The medical evidence is virtually unanimous in establishing that Lemon did not have a herniated disc prior to April 6, 2016. Moreover, Lemon notes in the petition for rehearing that in the Memorandum Decision this Court

does not observe that Dr. Orphanos is a neurosurgeon and that he had "direct" vision of the damaged disc in the Claimant's low back as he performed surgery thereon. At no time did Dr. Orphanos suggest that the herniation was not traumatic in nature.

The Administrative Law Judge and the Board of Review, therefore, concluded with factual justification that Lemon suffered a new, work-related injury at L4-5 in addition to his preexisting degenerative joint disease and prior workers' compensation claims (none of which involved a herniated disc).[7]

In syllabus point 3 of *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016), this Court held:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. *To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable.*

(Emphasis added). *Accord*, *Crouse v. JKM Enterprises, Inc., LWF*, No. 17-0450, 2017 WL 6049278, (W.Va. November 22, 2017) (Memorandum Decision); *SWVA, Inc., v. Birch*, 237 W.Va. 393, 398 n. 5, 787 S.E.2d 664, 669 n. 5 (2016).

---

[7] *See generally*, Vol. 3, *Larson's Workers' Compensation Law*, Digest § 43.02D[2] n. 10 [2014] (collecting cases discussing the compensability of a ruptured or herniated disc alleged to be work-related ).

In addition to the medical evidence, the Administrative Law Judge and Board of Review considered other matters indicative of compensability. Although Lemon initially expressed uncertainty concerning when and how the injury occurred, he went to the doctor the following morning after April 6, 2017, and then reported to work with a noticeable limp, stating that his back was killing him. Several days later, he recalled that when "running a shuttle car his back was hurting so bad he couldn't hardly breathe and had a shift foreman bring him out early." The Administrative Law Judge stated:

> The claimant's sworn testimony noted that his shift was to be over at 12:20 [a.m.], but that at 8:30 p.m. he was running a solid rubber tire ride when he hit a bump that threw him out of his seat and he came back down and had pain in his back and leg. He notes that he called his boss, Donnie Crum around 10:30 [p.m.] and told him he was leaving. He noted he had hurt himself a little bit. * * * One factual situation that is found to be positive for the claimant is that there was no contradictory evidence concerning the fact that the claimant had to leave work approximately two hours early on the day he alleged he was injured.

This Court is of the opinion that the decision of the Board of Review which affirmed the Office of Judges is supported by the evidence of record and should be upheld. As the Administrative Law Judge determined, the preponderance of the evidence shows that Lemon left his shift early on April 6, 2016, upon sustaining a compensable, discreet new injury, *i.e.*, a herniated disc at L4-5.[8]

---

[8] *See*, syl. pt. 1, *Jordan v. State Workmen's Compensation Comm'r*, 156 W.Va. 159, 191 S.E.2d 497 (1972):

## VI. Conclusion

The Memorandum Decision filed December 19, 2017, is withdrawn. The January 20, 2017, decision of the Board of Review is affirmed, and this case is remanded with directions to reinstate the January 20, 2017, decision of the Board of Review which affirmed the August 18, 2016, decision of the Office of Judges holding that Lemon's claim is compensable, with his designated compensable condition as a herniated disc at L4-5.

**Memorandum Decision Withdrawn**,
**Board of Review Affirmed**.

---

The question in a workmen's compensation case as to whether the employment aggravated or, combined with the internal weakness or infirmities of claimant to produce the injury, is a question of fact, not law, and a finding of the Workmen's Compensation Appeal Board on this question will not be disturbed on appeal by this Court, unless such finding is plainly wrong.

13