**STATE OF WEST VIRGINIA**

**FILED**

March 19, 2021

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY AMICK,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0132** (BOR Appeal No. 2054492)
                         (Claim No. 2010127149)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Gary Amick, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Office of Insurance Commissioner, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator found Mr. Amick was fully compensated by a prior 4% permanent partial disability award on August 8, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its August 15, 2019, Order. The Order was affirmed by the Board of Review on January 24, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Amick, an electrician, injured his right knee when he stepped in a hole in the course of his employment on January 8, 2010. The Employees' and Physicians' Report of Injury,

1

completed February 8, 2010, indicates Mr. Amick twisted his right knee when he stepped into a hole. The physicians' section was completed at Contact Medical Center and listed the diagnosis as right knee sprain. The claim was held compensable for right knee sprain on March 26, 2010.

Mr. Amick underwent an independent medical evaluation on July 24, 2012, by Paul Bachwitt, M.D. On examination, Dr. Bachwitt measured normal right knee range of motion. He found that Mr. Amick had reached maximum medical improvement and assessed 0% impairment. Dr. Bachwitt stated that Mr. Amick required no further treatment and could return to full-duty work. Mr. Amick was granted a 0% permanent partial disability award on August 13, 2012.

Bruce Guberman, M.D., performed an independent medical evaluation on May 28, 2013, in which he noted that Mr. Amick missed no work due to the compensable injury. Dr. Guberman diagnosed chronic post-traumatic right knee sprain. He found Mr. Amick had reached maximum medical improvement and assessed 4% impairment due to reduced range of motion loss. On February 26, 2014, the Office of Judges reversed the August 13, 2012, grant of 0% permanent partial disability, and instead granted a 4% award. Mr. Amick underwent a right knee MRI on May 21, 2015, which showed a lateral meniscus tear, a medial meniscus tear, and osteoarthritis.

In an August 7, 2017, independent medical evaluation, Dr. Guberman noted that he had reviewed Mr. Amick's MRI and additional treatment notes. He further noted that Mr. Amick underwent right knee injections that caused at least a temporary worsening of Mr. Amick's symptoms. Dr. Guberman diagnosed post-traumatic right knee sprain. Dr. Guberman found Mr. Amick had reached maximum medical improvement and assessed 8% permanent partial disability due to range of motion limitations. The claims administrator found Mr. Amick was fully compensated by a prior PPD award of 4% on August 8, 2018.

Jennifer Lultschik, M.D., performed an independent medical evaluation on February 13, 2019, in which she noted that Mr. Amick reported significant improvement in right knee pain between May of 2010 and May of 2015. Mr. Amick stated that he sustained a left knee injury in 2012 and then experienced a gradual onset of right knee pain. Dr. Lultschik found Mr. Amick had reached maximum medical improvement. She opined that Mr. Amick's symptoms were consistent with progressive osteoarthritis and not the compensable right knee sprain. Lultschik further opined that Mr. Amick's obesity likely caused his right knee symptoms and degenerative soft tissue tears. She assessed 0% impairment.

The Office of Judges affirmed the claims administrator's decision finding that Mr. Amick was fully compensated by his 4% permanent partial disability award in its August 15, 2019, Order. It found the employer's argument that Mr. Amick has 0% impairment unpersuasive. Both Drs. Bachwitt and Guberman noted right knee symptoms. The Office of Judges found that Dr. Lultschik's report was flawed because she failed to follow the proper procedure for assessing impairment. Dr. Lultschik concluded that all of Mr. Amick's right knee impairment is the result of noncompensable osteoarthritis. She failed to first consider the total impairment before apportionment. The Office of Judges also found Dr. Guberman's second evaluation to be unpersuasive. Dr. Guberman found that Mr. Amick had an additional 4% permanent partial disability for a total of 8%. The Office of Judges found that Dr. Guberman failed to discuss Mr.

2

Amick's May 21, 2015, MRI and the effect the meniscal tears could have on impairment. The Office of Judges stated that the employers' argument that Dr. Guberman should have apportioned for preexisting impairment was persuasive. The Office of Judges concluded that Mr. Amick failed to show by a preponderance of the evidence that he has more than 4% impairment due to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 24, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There are four independent medical evaluations of record. Dr. Bachwitt found 0% impairment, Dr. Guberman found 4% impairment in his first evaluation and 8% in his second, and Dr. Lultschik found 0% impairment. The Office of Judges was not clearly wrong to find that Mr. Amick's symptoms indicate some right knee impairment. Dr. Lultschik's evaluation was properly found to be unreliable since she failed to follow the proper procedure for assessing impairment. In *SWVA, Inc. v. Birch*, 237 W. Va. 393, 399, 787 S.E.2d 664, 670 (2016), this Court held that

> in fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to West Virginia Code § 23-4-9b is to deduct the impairment attributable to the preexisting injury from the final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20.

Finally, Dr. Guberman's second evaluation was not persuasive because he failed to discuss Mr. Amick's MRI showing meniscal tears, which are not compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

3

**ISSUED: March 19, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton