## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROY W. MILLER,**
**Claimant Below, Petitioner**

**vs.)  No. 20-0552** (BOR Appeal No. 2054941)
                  (Claim No. 2017004014)

**DYNAMIC ENERGY, INC., LWF,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy W. Miller, by Counsel James D. McQueen Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Dynamic Energy, Inc., LWF, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 16% award on August 6, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its November 29, 2019, Order and instead granted a 14% award. The Order was modified by the Board of Review on June 26, 2020, to reflect that Mr. Miller is entitled to a 15% permanent partial disability award.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Miller, a heavy equipment operator, was injured in the course of his employment on July 29, 2016, when the loader he was operating was severely jarred. Prior to that injury, Mr. Miller suffered an injury to his cervical spine when he struck his head, for which he missed nine months of work and was granted a 7% permanent partial disability award. Mr. Miller underwent an Independent Medical Evaluation by Bruce Guberman, M.D., on January 16, 2018. Dr. Guberman diagnosed chronic post-traumatic cervical and lumbosacral sprains and found that Mr. Miller had reached maximum medical improvement. Dr. Guberman assessed 8% cervical impairment and 8% lumbar impairment for a total of 9% permanent partial disability. On July 10, 2018, Joseph Grady, M.D., performed an Independent Medical Evaluation in which he assessed 7% right shoulder impairment for the diagnosis of post-traumatic adhesive capsulitis.

The claims administrator granted a 16% permanent partial disability award on August 6, 2018. In its November 27, 2019, Order, the Office of Judges reversed the decision and instead granted a 14% award. Mr. Miller argued before the Office of Judges that the use of the Combined Values Chart from the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) unfairly reduces his impairment award in violation of West Virginia Code. Mr. Miller also argued, in the alternative, that his preexisting impairment should be deducted before the Combined Values Chart is applied. The Office of Judges found that the West Virginia Supreme Court of Appeals addressed the issue in *SWVA, Inc. v. Birch,* 787 S.E.2d 664, 237 W. Va. 393 (2016). This Court held that when calculating impairment, deduction of preexisting impairment should be done last. The Office of Judges therefore found that the proper method of calculating Mr. Miller's total impairment is to combine the 8% lumbar impairment with the 8% cervical impairment which is 15%. The 15% is then combined with the 7% right shoulder impairment for a total of 21%. Finally, Mr. Miller's prior 7% award is deducted, leaving 14% impairment. The Office of Judges therefore concluded that Mr. Miller was entitled to a 14% permanent partial disability award.

The Board of Review adopted the findings of fact of law of the Office of Judges and modified its Order to grant Mr. Miller a 15% permanent partial disability award on June 26, 2020.

The Board of Review found that the Office of Judges incorrectly calculated Mr. Miller's impairment. Dr. Guberman assessed 8% cervical impairment and 8% lumbar impairment. He then apportioned 7% of his assessment for Mr. Miller's prior 7% cervical spine award. Dr. Guberman then combined the 8% lumbar impairment with the remaining 1% cervical impairment for a total of 9% whole person impairment. Dr. Grady then evaluated Mr. Miller for the right shoulder injury and found 7% impairment. The Board of Review concluded that combining Mr. Miller's 7% right shoulder impairment, 8% lumbar spine impairment, and 1% cervical spine impairment results in 15% permanent partial disability.

After review, we agree with the reasoning and conclusions of the Board of Review. For the compensable injury, Dr. Guberman found 9% impairment for the cervical and lumbar spines. Dr. Grady found 7% right shoulder impairment. Both evaluations are reliable assessments of Mr. Miller's impairment. The American Medical Association's *Guides*, and by extension the Combined Values Chart, have been adopted as the basis for calculating workers' compensation impairment in West Virginia. When Dr. Guberman's 9% impairment rating is combined with the 7% impairment that Dr. Grady found, the result is 15% impairment, as the Board of Review found. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 5, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3