# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JERRY STOVER,**
**Claimant Below, Petitioner**

**vs.)**    **No. 22-ICA-238**    (JCN: 2018007880)

**ANR, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry Stover appeals the October 11, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent ANR, Inc. ("ANR") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's decision to deny a reopening of Mr. Stover's claim for permanent partial disability benefits ("PPD"). As the basis for affirming the claim administrator, the Board found that Mr. Stover did not demonstrate an aggravation and/or progression of his physical condition attributable to the compensable injury.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

On September 19, 2017, Mr. Stover sustained a work-related injury when he was driving a coal truck with a broken strut and hit a bump causing his seat to "bottom out" and jarring him, resulting in complaints of low back pain and right hip pain. On October 12, 2107, the claim administrator held the claim compensable for a lumbar sprain.

On March 29, 2018, Prasadarao Mukkamala, M.D., examined Mr. Stover for the compensable injury.[2] Using the American Medical Association *Guides to the Evaluation*

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by H. Dill Battle, III, Esq.

[2] Dr. Mukkamala's report for this examination is dated March 30, 2018.

*of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala determined that some measurements he made were invalid; from the valid measurements he obtained, Dr. Mukkamala found a 4% whole person impairment ("WPI") related to a loss of range of motion in Mr. Stover's lumbar spine. Dr. Mukkamala found no specific spine disorder qualifying for an impairment rating under Table 75 of the *Guides*, and concluded his analysis under the *Guides*. Applying the West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Mukkamala classified Mr. Stover under Lumbar Spine Category II of Table § 85-20-C. Since the 4% WPI was outside the accepted range for Category II (between 5% and 8%), Dr. Mukkamala adjusted the rating to 5% PPD to fit within the range allowed, but he did not apportion for preexisting conditions. On April 5, 2018, the claim administrator granted a 5% PPD award to Mr. Stover based on Dr. Mukkamala's report.

Mr. Stover protested the April 5, 2018, order granting the 5% PPD award. On June 28, 2019, the Office of Judges ("OOJ") affirmed the 5% award after considering the report of Dr. Mukkamala, as well as reports by Michael Kominsky, D.C., dated July 24, 2018, and David Soulsby, M.D., dated April 16, 2019. The OOJ found some aspects of each report to be persuasive, and other aspects of each report to be unpersuasive. In summing up the aspects of the three reports that detracted from their reliability, the OOJ commented: "Dr. Kominsky made no allowance at all for the claimant's preexisting degenerative disc disease and Dr. Mukkamala made no reference to Table 75 in estimating WPI. Dr. Soulsby did not refer to 85 C.S.R. 20 Guidelines in making his recommendation of whole person impairment." The OOJ also noted that Dr. Mukkamala, like Chiropractor Kominsky, did not account for preexisting conditions. Ultimately, the OOJ adopted Dr. Mukkamala's finding of 5% WPI, "notwithstanding any other defects found in his report, given that the other reports also have aspects damaging the overall reliability of the reports." Thus, the 5% award was affirmed.

On February 8, 2022, Mr. Stover petitioned to reopen his claim for consideration of additional PPD. Supporting Mr. Stover's petition was a report of Bruce Guberman, M.D., dated February 1, 2022. Dr. Guberman used the *Guides* to rate Mr. Stover's lumbar impairment and concluded there was a 10% impairment for loss of range of motion, and a 5% impairment from Table 75, for a combined total of 15% WPI. Referring to Rule 20 Table § 85-20-C, Dr. Guberman classified the injury in Lumbar Spine Category II and adjusted the rating to 8% WPI to fit within the allowed range. Dr. Guberman acknowledged Mr. Stover's prior 5% PPD award that was based on Dr. Mukkamala's 2018 evaluation. According to Dr. Guberman, the variance between his impairment rating and Dr. Mukkamala's rating was, in part, due to Dr. Mukkamala's failure to provide a rating from Table 75 of the *Guides*. Dr. Guberman opined that the *Guides* required the application of Table 75. Further, Dr. Guberman asserted that another reason accounting for the variance between the two impairment ratings was that Dr. Mukkamala concluded that some of his measurements were invalid, whereas his (Dr. Guberman's) were valid. Finally, Dr. Guberman pointed out that his measurements showed a greater loss of range of motion than those of Dr. Mukkamala.

On February 22, 2022, Rebecca Thaxton, M.D., reviewed records from the claim to answer the claim administrator's question of whether Dr. Guberman's report would "support an additional 3% whole person impairment rating (WPIR) in this claim?" The report of Dr. Thaxton contained an extensive summary of Dr. Guberman's findings and noted that he included a rating from Table 75 of the *Guides*. Dr. Thaxton opined that Mr. Stover had degenerative conditions, which were expected to worsen. It was her opinion that Dr. Mukkamala addressed the issue of preexisting conditions by not applying a rating from Table 75. Thus, Dr. Thaxton concluded that Dr. Guberman's assessment did not support an additional 3% WPI related to the compensable injury.

By order dated February 23, 2022, the claim administrator denied Mr. Stover's reopening application for consideration of additional PPD, finding the "request fails to disclose a progression or aggravation in the allowed condition or some fact not previously considered" entitling Mr. Stover to greater benefits. The claim administrator cited Dr. Thaxton's report and concluded that an additional 3% impairment was not supported.

Mr. Stover appealed the denial of his reopening application to the Board. On October 11, 2022, the Board affirmed the claim administrator's order. In its order, the Board noted the OOJ's 2019 decision discussed deficiencies in the three doctors' reports that were again submitted as evidence regarding the claim reopening issue. The Board compared those three reports and observed that only Dr. Mukkamala did not apply a rating from Table 75 of the *Guides*, that only Dr. Soulsby apportioned for preexisting conditions, and that Chiropractor Kominsky documented 8% impairment. The Board determined that Chiropractor Kominsky's rating was the same as Dr. Guberman's. In its brief analysis, the Board found that Dr. Mukkamala's failure to include a recommendation from Table 75, even if erroneous, did not necessarily lead to the conclusion that Dr. Guberman's rating constituted an aggravation or progression of the compensable injury. Instead, the Board found that only Dr. Guberman's disagreement with Dr. Mukkamala's methodology was shown. Thus, the Board determined that Mr. Stover did not demonstrate an aggravation and/or progression of his compensable condition. Mr. Stover now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Stover argues that the Board was clearly wrong in finding that he did not make a prima facie showing that there was a progression or aggravation of his compensable injury, and affirming the claim administrator's denial of his reopening application. Mr. Stover acknowledges and does not dispute the Board's finding that a disagreement or difference in the methodology used to rate impairment does not constitute an aggravation or progression of the compensable condition. Instead, Mr. Stover contends the Board ignored treatment records documenting that his low back symptoms continued to worsen after Dr. Mukkamala examined him in 2018. Further, Mr. Stover concedes that, previously, the OOJ found Dr. Mukkamala's report to be the most credible in the record. However, Mr. Stover notes that the Board's October 11, 2022, order did not find Dr. Guberman's evaluation to be flawed, and along with support from the treating doctor's records, a progression and aggravation of the compensable injury is demonstrated. Mr. Stover argues that the Board's disregard of this medical evidence was clearly wrong.

In contrast, ANR contends that Dr. Guberman's report and the treating physician's documentation fail to establish that Mr. Stover's complaints in 2022 are attributable to his compensable injury. Instead, ANR argues that said complaints were due to preexisting, progressive degenerative disease, which even Dr. Guberman acknowledged, but ignored. ANR maintains that Mr. Stover failed to show that the Board's order was clearly wrong in affirming the denial of the reopening.

Upon review, we find error in the Board's determination that Mr. Stover did not establish that he sustained an aggravation or progression of his compensable injury. In a claim in which an award of permanent impairment has been made, a claimant may request a reopening of a prior award, if filed within five years of the date of the initial award, and only two reopening requests may be filed within the five year period. *See* W. Va. Code § 23-4-16(a) (2005). An application must "establish a prima facie cause for reopening the claim" and if it "fails to disclose a progression or aggravation in the claimant's condition, or some other fact or facts which were not previously considered in its former findings and which would entitle the claimant to greater benefits than has already received," the claim administrator is to notify the claimant of the denial and the reasons for denial. *See* W. Va. Code § 23-5-3 (2021).The claimant is permitted to file an objection to the denial within sixty days. *Id.* The Supreme Court of Appeals of West Virginia has ruled that,

4

[f]or purposes of obtaining a reopening of a Workmen's Compensation claim under the provisions of W. Va. Code, 23-5-1a and -1b, the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury.

*Syl., Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977).[3] Thus, the proper test is not whether a certain WPI is necessarily found, but whether there is evidence that "would tend to justify, but not to compel the inference" of a progression or aggravation. *Id.* Further, a determination that a claimant meets the standard for a reopening does not compel the award of additional PPD.

Here, the Board failed to acknowledge that a prima facie cause of an aggravation and progression of impairment is shown by the comparison of the range of motion findings made pursuant to the *Guides* in 2018 by Dr. Mukkamala (4% WPI), and in 2022 by Dr. Guberman (10% WPI). Neither of the doctors apportioned their calculations for preexisting conditions, and Table 75 of the *Guides* is not implicated in this part of the rating process. Dr. Guberman's calculation of increased impairment due to range of motion loss was directly translated to an 8% PPD finding under West Virginia Code of State Rules § 85-20 Lumbar Category II of Table § 85-20-C. Thus, the Board erred in finding that the difference in impairment was due solely to the doctors' methodology.

The Board erroneously reasoned that Chiropractor Kominsky's finding of 8% impairment in 2018 was persuasive evidence that Dr. Guberman's 8% impairment rating in 2022 did not demonstrate an aggravation or progression of the condition. The OOJ's 2019 decision concluded that Chiropractor Kominsky's report was not persuasive and its findings were not adopted. Instead, in 2019 the OOJ found that Mr. Stover had only 5% WPI, not 8% WPI. The reopening process is not to be a rehashing of the prior PPD award, but is a process by which a claimant may request a modification of the prior award. Here, the prior award was based on Dr. Mukkamala's, not Chiropractor Kominsky's, report.

---

[3] Although *Harper* cites West Virginia Code §§ 23-5-1a and -1b (1939), which were repealed in 1995, the same operative language was included in West Virginia §§ 23-5-2 and 3 (1995). In 2021, these statutes were amended to reflect the transfer of the powers and duties from the Office of Judges to the Board of Review pursuant to West Virginia Code § 23-5-8a (2021). In the 2021 amendments, the force and effectiveness of West Virginia Code § 23-5-3 ended after June 30, 2022, but the operative language was included in a new provision, West Virginia Code § 23-5-3a (effective beginning on July 1, 2022), that reflects updated language pursuant to the transfer of powers and duties to the Board of Review.

The Board also ignored that in its 2019 decision, the OOJ indicated that Dr. Mukkamala's failure to apply a rating from Table 75 of the *Guides* was an aspect that "detracted" from the reliability of his report. Although the OOJ specifically adopted Dr. Mukkamala's findings over those of two other evaluators, the OOJ noted that he did not "make any allowance for the claimant's preexisting degenerative disc disease."

We also note that Dr. Thaxton's analysis in her February 22, 2022, report, focused on whether Dr. Guberman's report would "support an additional 3% whole person impairment rating (WPIR) in this claim." In so doing, Dr. Thaxton applied an incorrect legal standard for determining the merits of a reopening application for considering additional PPD. Again, the standard applicable here is not whether the claimant has proven by a preponderance of the evidence that he has an additional 3% WPI from the injury.

Also, Dr. Thaxton's contention that Dr. Mukkamala apportioned for preexisting conditions by not applying Table 75 of the *Guides,* is not supported. First, Dr. Mukkamala did not raise the issue of apportionment. Secondly, the Court has held that the amount of impairment apportioned for preexisting spinal conditions is to be deducted from the "final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20" and not deducted from the rating derived from the *Guides*. *See SWVA, Inc. v. Birch*, 237 W. Va. 393, 399, 787 S.E.2d 664, 670 (2016). Since Table 75 of the *Guides* is applied before evaluators apply the spinal tables in West Virginia Code of State Rules § 85-20, evaluators may not use the "non-application" of Table 75 as a means to apportion.

The substantial rights of the petitioner have been prejudiced because the Board's findings are clearly wrong in view of the reliable, probative, and substantial evidence on the whole record. We find that Mr. Stover made a prima facie showing of an aggravation or progression of his lumbar injury, such that his claim should be reopened for consideration of additional PPD. To be clear, we are not holding that Mr. Stover should receive an additional 3% PPD for his compensable injury; instead, we only hold that he has demonstrated that his claim should be reopened for further consideration for additional PPD.

Accordingly, we reverse the Board's October 11, 2022, order, and remand the claim to the claim administrator for consideration of additional PPD relating to Mr. Stover's compensable injury.

Reversed and remanded.

**ISSUED:** February 15, 2023

6

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen