**FILED**
**August 1, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Murray American Energy, Inc.,**
**Employer Below, Petitioner**

**v.)**     **No. 22-0489**     (BOR Appeal No. 2057770)
                           (JCN: 2020017206)

**Brandon Falcone,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Brandon Falcone filed a timely response.[1] The issue on appeal is amount of permanent partial disability in the claim. The claim administrator granted Mr. Falcone a 3% permanent partial disability award on December 28, 2020. The Workers' Compensation Office of Judges ("Office of Judges") reversed the claim administrator's decision on January 3, 2022, and Mr. Falcone was granted an additional 5% award, for a total of 8% permanent partial disability from the compensable injury. The order was affirmed by the Board of Review on January 3, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Falcone, a mechanic working in the employer's coal mine, completed a report of injury on January 18, 2020, indicating that he was injured on January 17, 2020, when he twisted his torso while lifting an oxygen tank. The physician section stated that Mr. Falcone sustained an occupational injury of mid and low back strains. He was diagnosed with a thoracolumbar strain. By claim administrator's order dated January 27, 2020, the claim was held compensable for low back strain.

Due to increased symptoms, Mr. Falcone underwent an MRI of his lumbar spine on February 7, 2020, which documented a mild focal central disc herniation and a central annular tear at the L4-5 level without significant stenosis and a mild broad-based central disc herniation and an annular tear at the L3-4 level, without significant stenosis. On February 21, 2020, the claim

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel William B. Gerwig, III.

administrator approved the diagnoses of other intervertebral disc disorders of the lumbosacral region and other intervertebral disc displacement of the lumbosacral region as secondary conditions in the claim.

Mr. Falcone underwent an independent medical evaluation with Prasadarao B. Mukkamala, M.D., on December 7, 2020, where he complained of continued low back pain that radiated to the left lower extremity. Dr. Mukkamala found Mr. Falcone to be at maximum medical improvement without a need for any further treatment. According to the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"), Dr. Mukkamala placed Mr. Falcone under Category II-C of Table 75, at page 113 of the AMA *Guides*, and found 7% whole person impairment. Dr. Mukkamala also stated that Mr. Falcone had a 2% whole person impairment for reduced lumbar ranges of motion. Dr. Mukkamala combined the 7% whole person impairment from Table 75 with the 2% whole person impairment for range of motion restrictions for a total of 9% whole person impairment pursuant to the Range of Motion Model. Dr. Mukkamala then placed Mr. Falcone in Lumbar Category II of Table 85-20-C, which has an impairment range of 5% to 8%. Because his recommendation of 9% whole person impairment fell outside of this range, Dr. Mukkamala adjusted his recommendation to 8% whole person impairment. He then apportioned 5% for preexisting spondylosis and disc disease. As a result of apportionment, Dr. Mukkamala found Mr. Falcone had 3% whole person impairment from the compensable injury. Based upon Dr. Mukkamala's recommendation, the claim administrator granted Mr. Falcone a 3% permanent partial disability award on December 28, 2020.

Mr. Falcone protested the claim administrator's decision, and he was evaluated by Bruce A. Guberman, M.D., on April 6, 2021. Dr. Guberman performed a physical examination and noted that Mr. Falcone was uncomfortable in the supine and sitting position, and that he had reduced lumbar ranges of motion. Dr. Guberman diagnosed a chronic post traumatic strain of lumbosacral spine with disc herniations at L4-L5 and L3-L4. Because it was found that Mr. Falcone had reached his maximum degree of medical improvement, Dr. Guberman placed him into Lumbar Category II-C of Table 75 of the AMA *Guides*, and found 7% whole person impairment due to a disc herniation. Dr. Guberman recommended an additional 1% whole person impairment pursuant to Category II-F because Mr. Falcone had two disc herniations. As a result, Dr. Guberman found 8% whole person impairment pursuant to Table 75. Due to Mr. Falcone's range of motion restrictions of the lumbar spine, Dr. Guberman found 9% whole person impairment. He then combined the 8% whole person impairment from Table 75 with the 9% whole person impairment for lumbar range of motion restrictions for a total of 16% whole person impairment under the Range of Motion Model. Mr. Falcone was then placed in Lumbar Category II of Table 85-20-C, which has an impairment range of 5% to 8%. Because Dr. Guberman's recommendation fell outside of the Table's range, he adjusted his recommendation to an 8% whole person impairment. Dr. Guberman did not believe apportionment was appropriate in Mr. Falcone's case, and he noted that there was no evidence of symptoms, functional limitations, impairment, or range of motion abnormalities of the lumbar spine prior to the compensable injury.

In a final decision dated January 3, 2022, the Office of Judges determined that apportionment is not appropriate in this case. It was found that there was no evidence submitted indicating that Mr. Falcone had lumbar symptoms or reduced lumbar ranges of motion in the period

before the compensable injury. The Office of Judges found that it was not until after January 17, 2020, that he developed consistent lumbar and lower extremity complaints. Dr. Guberman's medical evaluation was found to be consistent with the AMA *Guides*, and his conclusions were determined to be reasonable. The Office of Judges noted that Dr. Mukkamala provided little detail regarding the exact nature of Mr. Falcone's preexisting conditions, which Dr. Mukkamala opined caused his preexisting range of motion deficits. After concluding that Dr. Mukkamala's medical evaluation was not a good indicator of Mr. Falcone's whole person impairment from the compensable injury, the Office of Judges reversed the claim administrator's order dated December 28, 2020, and awarded Mr. Falcone an additional 5% permanent partial disability award. On June 1, 2022, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code § 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, the employer argues that the Board of Review and Office of Judges erred in finding apportionment to be inappropriate because Dr. Mukkamala's decision to apportion 5% of Mr. Falcone's impairment to his preexisting spondylosis and disc disease is supported by Mr. Falcone's pre-injury diagnostic testing. Mr. Falcone's pre-injury diagnostic testing consisted of: (1) An x-ray taken on April 13, 2017, documenting possible L4-L5 right facet degenerative joint disease with osteophytosis; (2) An MRI of the lumbar spine performed on May 1, 2017, revealing a small disc extrusion at L4-L5 with mild facet arthritis; and (3) chest x-rays performed on July 9, 2017, indicating that Mr. Falcone was involved in a motor vehicle accident. Mr. Falcone counters the employer's argument by asserting that roentgenographic evidence of preexisting degenerative changes, by itself, is an inadequate basis to support apportionment of a diagnosed whole person medical impairment following an occupational injury. It was Mr. Falcone's belief that Dr. Mukkamala formed an opinion, without medical basis, to understate the injury as it relates to whole person medical impairment.

After review, we find that the order of the Office of Judges, as affirmed by the Board of Review, was not clearly wrong based upon the evidentiary record. The Office of Judges determined that Dr. Mukkamala's medical evaluation was not a good indicator of Mr. Falcone's whole person impairment under West Virginia Code § 23-4-9b (2003), which functions to "disallow any consideration of any preexisting definitely ascertainable impairment in determining the percentage of permanent partial disability occasioned by a subsequent compensable injury, except those instances where the second injury results in total permanent disability." *See* Syl. Pt. 2, in part, *SWVA, Inc. v. Birch*, 237 W. Va. 393, 787 S.E.2d 664 (2016).

This Court has found that in order to prove that apportionment is warranted in a workers' compensation case under West Virginia Code § 23-4-9b, the employer must prove that the claimant has a definitely ascertainable impairment resulting from a preexisting condition(s). This requires that an employer prove that the preexisting condition(s) contributed to the claimant's overall impairment after the compensable injury and prove the degree of impairment attributable to the claimant's preexisting condition(s). *See* Syl. Pt. 6, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. April 22, 2024). Although the employer argues that the record documents pre-existing degenerative changes to Mr. Falcone's lumbar spine and complaints of radiculopathy pain prior to the date of injury in this claim, there is no evidence from Mr. Falcone's medical history to suspect that a definitely ascertainable portion of his whole person impairment preexisted his occupational injury. Therefore, we find that the decision of the Board of Review is supported by the record and should be affirmed.

Affirmed.

**ISSUED: August 1, 2024**

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Chief Justice Tim Armstead

Armstead, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

4